UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                               :

WILMINGTON TRUST, NATIONAL ASSOCIATION, :
as Trustee for the benefit of the Registered Holders of  :
BBCMS Mortgage Trust 2022-C15 Commercial :
Mortgage Pass-Through Certificates, Series 2022-C15, :      23 Civ. 8824 (JPC)
acting by and through its special servicer, Rialto Capital :
Advisors, LLC,                                             :      OPINION AND ORDER
                                                               :
                       Plaintiff,                     :
                                                               :
              -v-                                 :
                                                                :

AEVRI SALINA MEADOWS LLC, *et al.*,           :
                                                               :
                     Defendants.                :
                                                                :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      In this foreclosure action, Plaintiff Wilmington Trust, National Association, as Trustee for the benefit of the Registered Holders of BBCMS Mortgage Trust 2022-C15 Commercial Mortgage Pass-Through Certificates, Series 2022-C15, has moved for the appointment of William C. Colucci as receiver for the commercial property located at 200, 220, and 231 Salina Meadows Parkway and 301 Plainfield Road in Syracuse, New York 13212 (the "Salina Meadows Office Park"). Dkts. 12-17. On November 17, 2023, Plaintiff revised its motion to request the *immediate* appointment of Mr. Colucci in light of certain developments that added urgency to the application. Dkt. 21. Also on November 17, and shortly after receiving Plaintiff's request for urgent action, the Court ordered Defendants Aevri Salina Meadows LLC and Moshe Rothman, the borrower on the allegedly defaulted commercial mortgage loan and a guarantor on the loan, respectively, to notify the Court by the end of that day whether either intended to oppose the request for immediate

appointment of a receiver, cautioning that the Court would otherwise construe Plaintiff's request as unopposed. Dkt. 22. To date, Aevri Salina Meadows LLC and Rothman have not indicated any opposition to the appointment. For the reasons that follow, Plaintiff's motion to appoint Mr. Colucci as receiver for the Salina Meadows Office Park is granted.

## I. Background

**A.    The Complaint**

On October 6, 2023, Plaintiff initiated a foreclosure action against Aevri Salina Meadows LLC, Rothman, the New York State Department of Taxation and Finance, and various John Doe Defendants. Dkt. 1 ("Complaint"). As alleged in the Complaint, in February 2022, the Bank of Montreal (the "Lender") made a $25,000,000 loan to Aevri Salina Meadows LLC (the "Borrower"). *Id.* ¶ 9. In connection with that transaction, the Borrower executed and delivered to the Lender various loan documents—including, as relevant to the instant motion, a Mortgage and Security Agreement, *id.*, Exh. 2 ("Mortgage), which granted the Lender a security interest in commercial property located at 200, 220, and 231 Salina Meadows Parkway and 301 Plainfield Road in Syracuse, New York 13212, *i.e.*, the Salina Meadows Office Park. Complaint ¶¶ 2, 12. The loan was, subject to certain conditions, guaranteed by Rothman in his personal capacity. *Id.* ¶¶ 21, 61. By virtue of assignments executed in April 2022, Plaintiff is the current owner, holder, and beneficiary of the loan and the loan documents. *Id.* ¶¶ 29-33; *see also id.*, Exhs. 1, 8-9.

As further alleged, the loan obligation totaled at least $34,098,597.38 as of October 1, 2023, *id.* ¶ 73, and multiple events of default (*i.e.*, default on the Borrower's payment, noncompliance with cash management and financial disclosure obligations, and failure to replace the property manager) have occurred, *id.* ¶¶ 34-60—each entitling Plaintiff, under the terms of the Mortgage, to pursue certain enforcement actions:

> Upon the occurrence and during the continuance of any Event of Default, Borrower agrees that Lender may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Borrower and in and to the [Salina Meadows Office Park], including, but not limited to, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Lender may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Lender.

Mortgage § 8.1. Such actions that Plaintiff may pursue include acceleration of the loan, foreclosure of the Mortgage, and

> the appointment of a *receiver*, trustee, liquidator or conservator of the [Salina Meadows Office Park], without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Borrower, any guarantor or indemnitor under the Loan or any other Person liable for the payment of the Debt.

*Id.* (emphasis added). In its Complaint, Plaintiff seeks foreclosure of the Mortgage (Count One) and judgment on the guaranty against Rothman (Count Two). *Id.* ¶¶ 67-90.

**B.    Plaintiff's Instant Motion**

On October 25, 2023, Plaintiff moved for appointment of a receiver for the pendency of this action, providing supporting declarations from Michael Barney of Smartcore Consulting, LLC d/b/a/ Mike Barney Management, the current manager of the Salina Meadows Office Park; Joao Gauer, Vice President of the special servicer for the loan; Mr. Colucci, a property manager and broker with over thirty-five years of specialized experience in asset management, advisory services, and office property receiverships; and Brent Procida, a partner at Venable LLP, the law firm representing Plaintiff. *See* Dkts. 12-13, 14 ("Gauer Decl."), 15 ("Colucci Decl."), 17 ("Motion"). Plaintiff maintains that the following events of default have occurred, with each entitling Plaintiff to the appointment of a receiver: (1) the Borrower has defaulted on payment since at least April 6, 2023, notwithstanding its partial payment on July 3, 2023, Gauer Decl. ¶¶ 15, 17; (2) the Borrower has failed to comply with the cash management requirements of the loan agreement, declining to make any deposits since October 4, 2022, despite the Borrower's own

representations that the Salina Meadows Office Park is generating an annual net income of nearly $1.5 million, *id.* ¶¶ 19-20, 22, Exh. 4; (3) the Borrower has failed to comply with the disclosure requirements of the loan agreement, specifically failing to provide a 2022 year-end rent roll and financial statement, a year-end financial statement for the guarantor, a second quarter rent roll, tax returns for itself and the guarantor, and other required financial calculations, *id.* ¶ 23; *see also* Complaint ¶¶ 56-57; and (4) the Borrower has refused to replace the current property manager with Mr. Colucci, Gauer Decl. ¶ 24; *see also* Complaint, Exh. 15 (Plaintiff's demand that the Borrower replace the existing property manager with Mr. Colucci). *See* Motion at 5-7.

Plaintiff contends that the circumstances surrounding the alleged events of default suggest "at best astonishing mismanagement and more likely fraud." *Id.* at 1. According to Plaintiff, although the loan was "based in part on a $41,000,000 appraisal and an annual rent roll of approximately $4.3 million," fewer than five months after closing, "the rent roll [] plummeted to $3.3 million," and a recent Broker's Opinion of Value suggests that the value of the Salina Meadows Office Park has dropped to $11 million. *Id.* Moreover, two "critical tenants" have vacated the Salina Meadows Office Park, despite the Borrower's representation that their leases run through 2025. *Id.* at 11. Accordingly, Plaintiff has requested that the Court appoint a receiver for the pendency of this action, and has specifically recommended the appointment of Mr. Colucci, citing his more than thirty-five years of experience "in the upstate office sector, including asset management, advisory services, and receiverships." *Id.* at 12.

Following its submission of its motion, on November 6, 2023, Plaintiff served the summons, complaint, and motion to appoint receiver, and provided courtesy copies to counsel for Aevri Salina Meadows LLC and Rothman by email the next day. Dkt. 21 at 1; *see also id.*, Exhs. 1, 2. Although these Defendants have yet to appear in the action, Plaintiff represents that attorneys

at Steptoe & Johnson have held themselves out as their counsel, Dkt. 23 ¶ 3, and has provided an email chain that appears to provide some support for that assertion, Dkt. 21, Exh. 2.

On November 17, 2023, Plaintiff submitted a letter to the Court, explaining that the current manager of the Salina Meadows Office Park, in light of his increasing fear of nonpayment, has threatened to leave the property unattended—a circumstance that would "pose an immediate threat to the property and the tenants," given the daily attention from on-site personnel the property requires. Dkt. 21 at 1. Plaintiff has thus requested the immediate appointment of Mr. Colucci as receiver. *Id.* at 2.

Upon receipt of Plaintiff's letter, the Court issued an Order directing Aevri Salina Meadows LLC and Rothman to respond by the end of that day advising whether they intend to oppose the request. Dkt. 22 at 2. In that Order, the Court explained that it would construe Plaintiff's motion as unopposed in the absence of a response. *Id.* That afternoon, Plaintiff's counsel filed a Declaration of Service, along with a supporting exhibit, demonstrating that he had promptly served the Court's Order on Steptoe & Johnson at 2:47 p.m. that day. Dkt. 23. To date, the docket does not reflect any response from Aevri Salina Meadows LLC, Rothman, or their counsel.

## II. Legal Standard

District courts have "the power in equity to appoint a receiver in order to protect a party's interest in the property." *Wilmington Tr., Nat'l Ass'n v. Winta Asset Mgmt. LLC*, No. 20 Civ. 5309 (JGK), 2020 WL 5802365, at *1 (S.D.N.Y. Sept. 28, 2020); *see* Fed. R. Civ. P. 66. "Whether a federal court should appoint a receiver in a diversity action is governed by federal law." *U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC*, 866 F. Supp. 2d 247, 249 (S.D.N.Y. 2012). "The appointment of a receiver is considered to be an extraordinary remedy, and should be employed

5

cautiously and granted only when clearly necessary to protect plaintiff's interests in the property." *Id.* (quoting *Rosen v. Siegel*, 106 F.3d 28, 34 (2d Cir. 1997)).

"[T]he existence of a provision authorizing the application for a receiver in the event of a default[] 'strongly supports the appointment of a receiver' when there is a default." *Id.* at 250 (*Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 97 (2d Cir. 1988)). Although the "mere existence of such [a] contractual provision does not [] dispose of the Court's inquiry in plaintiff's favor," "the existence of such language . . . is a factor militating in plaintiff's favor." *D.B. Zwirn Special Opportunities Fund, L.P. v. Tama Broad., Inc.*, 550 F. Supp. 2d 481, 491 (S.D.N.Y. 2008).

In assessing a motion for appointment of a receiver, courts further consider the following factors:

> [1] Fraudulent conduct on the part of defendant; [2] the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; [3] the inadequacy of the available legal remedies; [4] the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; [5] and, in more general terms, plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property.

*Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000) (citing Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2983 (1999)). "[T]he existence of any imminent danger of the diminution of the value of the properties . . . is a critical factor." *Nesbitt Bellevue Prop. LLC*, at 250. "Fraudulent conduct, on the other hand, is not a prerequisite." *Wilmington Tr.*, 2020 WL 5802365, at *1.

### III.  Discussion

The Court finds that the circumstances warrant the immediate appointment of Mr. Colucci as receiver for the Salina Meadows Office Park.

The Mortgage, as described *supra* I.B, expressly authorizes Plaintiff to "seek and obtain the appointment of a receiver . . . without notice and without regard for the adequacy of the security

6

for the Debt and without regard for the solvency of Borrower," upon the occurrence of a defaulting event.  *See* Mortgage § 8.1.  And Plaintiff has provided uncontested evidence that several defaulting events have, in fact, occurred—including a payment default since at least April 6, 2023, Gauer Decl. ¶¶ 15, 17, as well as defaults based on the Borrower's noncompliance with cash management, *id.* ¶¶ 20, 22, Exh. 4, and disclosure requirements, *id.* ¶ 23; *see also* Complaint ¶¶ 56-57, and the Borrower's refusal to replace the property manager, Gauer Decl. ¶ 24; *see also* Complaint, Exh. 15.  *See* Motion at 5-7.  Given this evidence presented of several events of default, and the lack of an opposition from Aevri Salina Meadows LLC or Rothman contesting that evidence, the Court finds that the mortgage provision allowing Plaintiff to seek appointment of a receiver "strongly supports the appointment of a receiver."  *Citibank, N.A.*, 839 F.2d at 97.

To that end, the Court further finds that Plaintiff has a high probability of success on the merits in its underlying action, given that it is predicated on the existence of these same defaulting events.  *See Wilmington Tr.*, 2020 WL 5802365, at *1 ("These defaults, principally undisputed by the defendants, are a strong basis for an appointment of a receiver because they show a high likelihood of success on the merits").

Moreover, in addition to providing evidence of the Borrower's mounting debt, the declining rent roll, and the massive drop in the assessed property value, Plaintiff's counsel has also now represented that the property manager is threatening to vacate the Salina Meadows Office Park immediately.  *See* Dkt. 21 at 1.  The Plaintiff has thus demonstrated imminent danger of the diminution of the value of the property, as well as irreparable injury to its interest in the property as result thereof.  *Cf. Neil Int'l Inc. v. Premier Rest. Grp., LLC*, No. 23 Civ. 2725 (ALC), 2023 WL 3412771, at *5 (S.D.N.Y. May 12, 2023) (finding that the "ongoing threats of deterioration of the value and assets of the businesses coupled with [the defendant's] alleged inability to manage

the business" sufficiently demonstrated "the existence of an imminent danger of the diminution of value of the property and that Plaintiff will suffer irreparable injury to its interests in the property").

Finally, the Court concludes that Mr. Colucci is an appropriate person to serve as receiver during the pendency of this action or until further order of the Court. Mr. Colucci is a property manager and broker with Cushman & Wakefield/Pyramid Brokerage Company, a leading provider of property management that has provided management and receivership for New York properties comparable to the Salina Meadows Office Park. Colucci Decl. ¶¶ 2, 6; *see also id.*, Exh. 1. He has over thirty-five years of specialized experience in asset management, advisory services, and office property receiverships, and he is registered to serve as a court-appointed receiver pursuant to Part 36 of the Rules of the Chief Judge of the State of New York. *Id.* ¶¶ 2, 5. As such, Mr. Colucci is familiar with the duties and responsibilities of a receiver. *Id.* ¶ 5. Further, as noted, Aevri Salina Meadows LLC and Rothman have not submitted any opposition to his appointment. The Court will thus order Mr. Colucci's immediate appointment.

## IV. Conclusion

For the reasons stated, Plaintiff's motion to appoint a receiver is granted, and the Court will enter an order appointing William C. Colucci as receiver for the commercial property located at 200, 220, and 231 Salina Meadows Parkway and 301 Plainfield Road in Syracuse, New York 13212. This Order is without prejudice to any of the Defendants challenging the appointment of Mr. Colucci as receiver after they appear in the case.

SO ORDERED.

Dated: November 22, 2023  
      New York, New York

                                                  JOHN P. CRONAN  
                                            United States District Judge