Nathaniel Kritzer
212 378 7535
nkritzer@steptoe.com

Steptoe

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

November 27, 2023

**Via ECF**

Hon. Judge John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re: *Wilmington Trust, National Association v. Aevri Salina Meadows LLC et al*, Case No. 1:23-cv-08824-JPC-JLC

Dear Judge Cronan:

I write on behalf of Defendants Aevri Salina Meadows LLC and Moshe Rothman, pursuant to Rule 1.A and 6.A of Your Honor's Individual Rules and Practices in Civil Cases. Specifically, I write to notify the Court of Defendants' anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of subject matter jurisdiction, and to propose a briefing schedule for this motion.

The primary basis of Defendants' motion is that Plaintiff has failed to carry its burden of demonstrating that this Court has subject-matter jurisdiction. Plaintiff attempts to plead diversity jurisdiction under 28 U.S.C. § 1332, but for several reasons the complaint fails to do so. ***First***, courts in this circuit have routinely dismissed complaints, like this one, where suit is asserted by a trustee who asserts diversity jurisdiction based on the trustee's citizenship but "include[s] no allegations concerning the type of trust at issue . . . its degree of control over the trust assets, or, alternatively, the citizenships of the trust's beneficiaries." *U.S. Bank Tr., N.A. v. Monroe*, No. 115CV1480LEKDJS, 2017 WL 923326, at *5 (N.D.N.Y. Mar. 8, 2017).

***Second***, Plaintiff has not carried its burden of pleading the citizenship of defendant Aevri Salina Meadows LLC. As an LLC, the citizenship of Aevri Salina Meadows is determined by the domicile of its ultimate members (with the court continuing to look "up the chain" until natural persons or corporations are identified). *See Carden v. Arkoma Assocs*., 494 U.S. 185, 190 (1990). Plaintiff's complaint alleges that the members of Aevri Salina Meadows LLC are Moshe Rothman, Kalman Rubinstein, Allen Azoulay, Hannah Gottesman, David Helfgott, Gavriel Herzig, and Shenuel Friedman. Compl. ¶ 3. The complaint does not allege the citizenship of these individuals, pleading only that "[a] search of the public records has not revealed any Member with an address in Delaware" and thus, "while the Borrower may be a citizen of New

Steptoe

York ***and various other states***, upon information and belief the Borrower is not a citizen of Delaware." Complaint ¶ 3 (emphasis added). This is insufficient to plead diversity, as Plaintiff has the burden of pleading the citizenship of each party.

***Third***, this case is asserted by Rialto Capital Advisors, LLC ("Rialto"), acting on behalf of Wilmington Trust, National Association. Yet neither the complaint nor Plaintiff's Rule 7.1 statement provide any details about Rialto's citizenship. It appears that Rialto is acting as the true party-in-interest in this litigation such that its citizenship must also be considered for diversity purposes or, at minimum, that its control over this litigation renders Wilmington Trust unable to assert diversity based on its own citizenship.[1]

Subject to the Court's review and approval, Defendants propose that, in light of the upcoming holidays and a planned overseas trip by undersigned counsel, their motion to dismiss be due on January 31, 2024, with any opposition due by March 1, 2024, and the reply due by March 15, 2024.[2]

Sincerely,

Nathaniel J. Kritzer

---

[1] Regarding this final argument (only), Defendants are aware of non-binding case law in this district holding that the citizenship of a special servicer is not considered for diversity purposes. Defendants respectfully submit, however, that these non-binding rulings are inconsistent with the principle stated by the Supreme Court in *Carden* and *Navarro* that the citizenship of trustees is relevant for diversity purposes only when the trustee is "active" and asserts "real and substantial control" over the assets and litigation at issue. See *Carden v. Arkoma Assocs*., 494 U.S. 185, 191 (1990); *Navarro Savings Assn. v. Lee*, 446 U.S. 458 (1980).

[2] Counsel notes that the Court previously entered an order appointing a receiver, on an emergency basis, before Defendants appeared in this matter. Defendants appreciate the Court's clarification that the order was entered without prejudice to being challenged after Defendants appeared in the case. Defendants reserve the right to challenge the order appointing the receiver (including the terms thereof) at a later date, but assert that this case should be dismissed for lack of subject-matter jurisdiction, which, if done, would moot this issue.