Nathaniel Kritzer
212 378 7535
nkritzer@steptoe.com

Steptoe

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

February 12, 2024

**Via ECF**

Hon. Judge John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re: *Wilmington Trust, National Association v. Aevri Salina Meadows LLC et al*, Case No. 1:23-cv-08824-JPC-JLC

Dear Judge Cronan:

I write on behalf of Defendants Aevri Salina Meadows LLC and Moshe Rothman, pursuant to Rule 1.A and 6.A of Your Honor's Individual Rules and Practices in Civil Cases. Specifically, I write to notify the Court of Defendants' anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and to propose a briefing schedule for this motion.

After being afforded the chance to take jurisdictional discovery, Plaintiff has still failed entirely to plead diversity jurisdiction. With respect to the members of Aevri Salina Meadows LLC, Plaintiff asserts only conclusory allegations, made on "information and belief," that the members are residents of New Jersey or New York. Though Plaintiff asserts that these members have "addresses" in these states, Plaintiff pleads no facts suggesting the actual residency of these members. Importantly, having been given the chance to take discovery, Plaintiff did not depose or otherwise seek discovery from any of these members to learn their actual state of residency for purposes of diversity jurisdiction.

This defect alone warrants dismissal. *See Go Farm Hemp, LLC v. Canopy Growth USA*, LLC, No. 19-CV-1370L, 2019 WL 5842908, at *2 (W.D.N.Y. Nov. 7, 2019) (citizenship allegations made "upon information and belief" are not sufficient); *Raymond Corp. v. Meyer*, No. 3:20-CV-00916, 2020 WL 4816028, at *1 (N.D.N.Y. Aug. 19, 2020) ("For purposes of diversity jurisdiction, 'a statement of the parties' residence is insufficient to establish their citizenship.").

Further, courts in this circuit have routinely dismissed complaints, like this one, where suit is asserted by a trustee who asserts diversity jurisdiction based on the trustee's citizenship

Steptoe

but "include[s] no allegations concerning the type of trust at issue . . . its degree of control over the trust assets, or, alternatively, the citizenships of the trust's beneficiaries." *U.S. Bank Tr., N.A. v. Monroe*, No. 115CV1480LEKDJS, 2017 WL 923326, at *5 (N.D.N.Y. Mar. 8, 2017). Plaintiffs' amended complaint still fails to address this issue.

Lastly, this case is asserted by Rialto Capital Advisors, LLC ("Rialto"), acting on behalf of Wilmington Trust, National Association. Yet neither the complaint nor Plaintiff's Rule 7.1 statement provide any details about Rialto's citizenship. It appears that Rialto is acting as the true party-in-interest in this litigation such that its citizenship must also be considered for diversity purposes or, at minimum, that its control over this litigation renders Wilmington Trust unable to assert diversity based on its own citizenship.[1]

Subject to the Court's review and approval, Defendants propose that their motion to dismiss be due on March 12, 2024, with any opposition due by April 12, 2024, and the reply due by April 26, 2024.

Sincerely,

Nathaniel J. Kritzer

[1] Regarding this final argument (only), Defendants are aware of non-binding case law in this district holding that the citizenship of a special servicer is not considered for diversity purposes. Defendants respectfully submit, however, that these non-binding rulings are inconsistent with the principle stated by the Supreme Court in *Carden* and *Navarro* that the citizenship of trustees is relevant for diversity purposes only when the trustee is "active" and asserts "real and substantial control" over the assets and litigation at issue. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 191 (1990); *Navarro Savings Assn. v. Lee*, 446 U.S. 458 (1980). Such allegations are still entirely absent from Plaintiff's amended complaint.