

750 E. PRATT STREET   SUITE 900   BALTIMORE, MD 21202
T 410.244.7400   F 410.244.7742   www.Venable.com

January 30, 2025

t 410.244.7862
f 410.244.7742
BWProcida@Venable.com

**Via ECF**

Hon. Judge John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

      Re:    Wilmington Trust, National Association v. Aevri Salina Meadows LLC et al.,
                Case No. 1:23-cv-08824-JPC-JLC

Honorable Judge Cronan:

      This office represents the Plaintiff in the above-referenced case. I write pursuant to Your Honor's Individual Rules 1.A and 6.A to inform the Court of the Plaintiff's intention to file a motion for summary judgment on Counts I and II of the Second Amended Complaint. [ECF 43]. Plaintiff acknowledges that a motion to dismiss is pending [ECF 44], however, pursuant to Federal Rule of Civil Procedure 56(b), a party may file a motion for summary judgment at any time.

      As more fully set forth below, Aevri Salina Meadows, LLC ("Borrower") and Moshe Rothman (the "Guarantor" and collectively, "Defendants") cannot meaningfully dispute the Borrower's failure to make any payment on the Loan in over a year. The resulting Event of Default entitles the Plaintiff to a judgment of foreclosure and a sale of the collateral property at auction.

      Furthermore, the Loan Agreement [1] provides that the debt will become fully recourse to the Defendants in case of any failure to comply with the Cash Management Provisions. In the months following its initial default, the Borrower refused to deposit any rental income into the lender-controlled lockbox despite written demand. This refusal enabled the Borrower to misappropriate at least $700,000 of rental income that otherwise would have been available for application to the debt. Indisputable evidence of the Borrower's intentional disregard of the Cash Management Provisions exists in the form of (i) the account statements for the lockbox showing a systematic diversion of rents; (ii) a letter instructing the property manager to cease depositing rents into the lockbox; and (iii) the general ledger of the Borrower showing $700,000 of checks paid to the Defendant following default. Accordingly, this count is also ripe for summary judgment.

---

[1] The Loan Agreement is attached to the Second Amended Complaint. [ECF 43-7].



Hon. Judge John P. Cronan
January 30, 2025
Page 2

      The Plaintiff proposes to file its motion by February 7, 2025 with a deadline of March 7, 2025 for Defendants' opposition and March 21, 2025 for Plaintiff's reply.

                                                Very truly yours,

                                                Brent W. Procida

65742736

cc:      All counsel of record (via ECF)