**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, as Trustee for the benefit of the Registered Holders of BBCMS Mortgage Trust 2022-C15 Commercial Mortgage Pass-Through Certificates, Series 2022-C15, acting by and through its special servicer, Rialto Capital Advisors, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>AEVRI SALINA MEADOWS LLC; HAWTHORNE PROPERTY SERVICES, LLC; and MOSHE ROTHMAN,<br><br>        Defendants. | Case No.: 1:23-cv-08824<br><br>Hon. John P. Cronan |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND RELATED RELIEF

Gregory A. Cross
Brent W. Procida
VENABLE LLP
750 E. Pratt Street
Suite 900
Baltimore, Maryland 21202
Tel.: (410) 244-7400
Fax: (410) 244-7742
gacross@venable.com
bwprocida@venable.com

Adam G. Possidente
151 W. 42nd Street
New York, New York 10036
Tel.: (212) 307-5500
Fax: (212) 307-5598
apossidente@venable.com

*Counsel for Plaintiff*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND.................................................................................................... 2

PROCEDURAL HISTORY ..................................................................................................... 2

LEGAL STANDARD............................................................................................................... 3

ARGUMENT .......................................................................................................................... 3

I.     Plaintiff Has Established Its Prima Facie Entitlement to Judgment on Count I as a
Matter of Law ............................................................................................................... 3

II.    Plaintiff Has Established Its Prima Facie Entitlement to Judgment on Count II as
a Matter of Law............................................................................................................. 5

III.   The Court Should Award Plaintiff Its Fees, Costs and Expenses ............................. 7

IV.   The Court Should Appoint a Referee to Compute the Amounts Due Under the
Loan............................................................................................................................... 8

V.    The Plaintiff is Entitled to Summary Judgment on its Claim for Equitable
Accounting and Restitution. ......................................................................................... 8

VI.   The Plaintiff is Entitled to Summary Judgment on the Affirmative Defenses.................... 9

     A.     First Affirmative Defense - Jurisdiction................................................................ 9

     B.     Second Affirmative Defense – Failure to State a Claim. ....................................... 11

     C.     Third Affirmative Defense – Invalid Documents.................................................... 11

     D.     Fourth Affirmative Defense - Unclean Hands, Waiver, and Estoppel. ................... 12

     E.     Fifth Affirmative Defense - Standing....................................................................... 12

     F.     Sixth Affirmative Defense - The Assignments are Invalid.................................... 12

     G.     Seventh Affirmative Defense – Lack of a Necessary Party - Original
Lender....................................................................................................................... 13

     H.     Eighth Affirmative Defense – Plaintiff Cannot Simultaneously Sue for
Debt and Foreclose. ................................................................................................. 13

     I.     Ninth Affirmative Defense – Unenforceable Guaranty. ......................................... 14

     J.     Tenth Affirmative Defense - Statute of limitations. ................................................ 14

CONCLUSION..................................................................................................................... 14

62426255

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A10 Capital, LLC v. Lispenard 3J, LLC*,
　2023 WL 2163139 (N.Y. Sup. Ct. 2023)...............................................................6, 7

*Anderson v. Liberty Lobby, Inc.*,
　477 U.S. 242 (1986) ..................................................................................................3

*CIT Bank, N.A. v. Nwanganga*,
　328 F. Supp. 3d 189 (S.D.N.Y. 2018)......................................................................4

*Collens v City of NY*,
　222 F.R.D. 249 (S.D.N.Y. 2004)............................................................................12

*Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*,
　25 N.Y.3d 485, 36 N.E.3d 80 (2015).....................................................................5, 6

*CWCapital Asset Mgmt. LLC v. Charney-FPG 114 41st St., LLC*,
　84 A.D.3d 506 (1st Dept. 2011) ...............................................................................4

*Deutsche Bank Nat'l Tr. Co. v. Fresca*,
　208 A.D.3d 632 (2d Dep't 2022)............................................................................14

*District of Columbia v. Murphy*,
　314 U.S. 441, 62 S.Ct. 303, 86 L.Ed. 329 (1941) ..................................................9

*Fortress Credit Corp. v. Hudson Yards, LLC*,
　78 A.D.3d 577, 912 N.Y.S.2d 41 (1st Dep't 2010)................................................6

*Gaia House Mezz LLC v. State St. Bank & Trust Co.*,
　720 F.3d 84 (2d Cir. 2013)......................................................................................7

*Greystone Bank v. Skyline Woods Realty, LLC*,
　817 F. Supp. 2d 57 (N.D.N.Y. 2011) ......................................................................8

*Gustavia Home, LLC v. Rutty*,
　785 Fed. App'x. 11 (2d Cir. 2019) ..........................................................................4

*Home Loan Inv. Bank F.S.B., v. Lemans Props., LLC*,
　No. 11-cv-1107 (DRH) (AKT), 2012 WL 1020430 (E.D.N.Y. Mar. 2, 2012),
　*adopted by* No. 11-cv-1107, 2012 WL 1019597 (E.D.N.Y. Mar. 26, 2012).........7, 8

*Jeffreys v. City of New York*,
　426 F.3d 549 (2d Cir. 2005) ....................................................................................3

i

**TABLE OF AUTHORITIES (cont'd)**

Page(s)

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ................................................................................................ 12

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) .................................................................................................. 3

*Nat'l Life Ins. Co. v. Koncal Realty Assocs. Ltd. P'ship*,
No. 99-cv-11840 (CM), 2000 WL 1677954 (S.D.N.Y. Nov. 2, 2000) ..................... 8

*NC Venture I, L.P. v. Complete Analysis, Inc.*,
22 A.D.3d 540 (2d Dep't 2005) .............................................................................. 13

*OneWest Bank, N.A. v. Melina*,
827 F.3d 214 (2d Cir. 2016) ..................................................................................... 4

*Polish Nat. All. of Brooklyn, U.S.A. v. White Eagle Hall Co.*,
98 A.D.2d 400 (2d Dep't 1983) .............................................................................. 13

*Residential Funding Corp. v. DeGeorge Fin. Corp.*,
306 F.3d 99 (2d Cir. 2002) ...................................................................................... 10

*Resolution Trust Corp. v. Hidden Ponds Phase IV Dev. Assocs.*,
873 F. Supp. 799 (E.D.N.Y. 1995) ........................................................................... 8

*Rozenberg v. Perlstein*,
200 A.D.3d 915 (2d Dep't 2021) .............................................................................. 8

*RSS WFCM2018-C44-NY LOD, LLC v. 1442 Lexington Operating DE LLC*,
2021 WL 5745927 (S.D.N.Y. Dec. 2, 2021) (J. Cote) ........................................... 13

*Scotto v. Almenas*,
143 F.3d 105 (2d Cir. 1998) ..................................................................................... 3

*Seoulbank, New York Agency v. D&J Exp. & Imp. Corp.*,
270 A.D.2d 193 (1st Dep't 2000) ........................................................................... 14

*Shechter v. Comptroller of NY*,
79 F.3d 265 (2d Cir. 1996) ..................................................................................... 12

*In re Sur. Asso. of Am.*,
388 F.2d 412 (2d Cir. 1967) ................................................................................... 12

*U.S. Bank, N.A. v. Squadron VCD, LLC*,
504 F. App'x 30 (2d Cir. 2012) ............................................................................... 3

## TABLE OF AUTHORITIES (cont'd)

Page(s)

*U.S. Bank, N.A. v. Squadron VCD, LLC*,
  No. 10-cv-5484, 2011 WL 4582484 (S.D.N.Y. Oct. 3, 2011), *aff'd*, 504 F.
  App'x 30 (2d Cir. 2012)....................................................................................................... 5

*Van Buskirk v. United Grp. of Cos.*,
  935 F.3d 49 (2d Cir. 2019)................................................................................................... 9

*Wells Fargo Bank, N.A. v. Walker*,
  141 A.D.3d 986 (3d Dep't 2016).......................................................................................... 13

*Willis v. Westin Hotel Co.*,
  651 F. Supp. 598 (S.D.N.Y. 1986)........................................................................................ 9

*Wilmington Tr., N.A. v. 1141 Realty Owner, LLC*,
  No. 17-cv-7081 (LGS), 2018 WL 1384510 (S.D.N.Y. Mar. 16, 2018)................................... 4

**Statutes**

Del. Code Ann. Title 6, § 18-305 ........................................................................................... 10

N.Y. R.P.A.P.L. § 1321............................................................................................................ 8

N.Y. R.P.A.P.L. §1371............................................................................................................. 15

**Court Rules**

Fed. R. Civ. P. 53(a)............................................................................................................... 8

Fed. R. Civ. P. 56................................................................................................................... 2, 3

Local Rule 56.1 ...................................................................................................................... 2

Rule 7.1 ................................................................................................................................. 10

Plaintiff Wilmington Trust, National Association, as Trustee for the benefit of the Registered Holders of BBCMS Mortgage Trust 2022-C15 Commercial Mortgage Pass-Through Certificates, Series 2022-C15 ("Plaintiff"), acting by and through its special servicer, Rialto Capital Advisors, LLC, respectfully submits this memorandum of law in support of its Motion for Partial Summary Judgment and Related Relief (the "Motion").

## PRELIMINARY STATEMENT[1]

This is a simple action to foreclose a commercial mortgage and enforce a related guaranty. Defendant Aevri Salina Meadows LLC (the "Borrower") admits it has not made any payments in over a year. SUMF ¶ 26.[2] Under the plain language of the documents full recourse is triggered by, among other breaches, the Borrower's refusal to deposit rents into the required Lender-controlled lockbox despite repeated written demands. SUMF 27-34. Finally, not only did the Defendants fail to comply with the Cash Management Provisions, but ***following default they looted the operating account by writing $700,000 in checks to themselves***. SUMF 27-34.

In an attempt to postpone judgment, the Borrower and its principal owner, Moshe Rothman ("Guarantor" and collectively with the Borrower, "Defendants"), have denied knowledge or information of the most basic facts, asserted a list of boilerplate defenses and made one substantive allegation – that "Plaintiff's claims fail because the agreements alleged were not duly executed…". (ECF 57, Third Affirmative Defense). Unfortunately for the Defendants, at closing their attorney provided an opinion letter confirming that he had reviewed all of the Loan Documents and that each of them "has been duly executed and delivered" by the Borrower and Guarantor, and "is a legal, valid and binding obligation". SUMF ¶ 14.

---

[1]    Capitalized terms used but not defined in the Preliminary Statement are defined below.

[2]    References to "SUMF" are to the Statement of Undisputed Material Facts filed herewith.

For these reasons and those discussed *infra*, Plaintiff respectfully requests that the Court: (i) grant summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in favor of Plaintiff and against Borrower on the Complaint's First Cause of Action for Foreclosure of the Mortgage; (ii) grant summary judgment in favor of Plaintiff and against Guarantor as the Complaint's Second Cause of Action as to liability for any deficiency remaining following a foreclosure sale of the collateral property; (iii) grant summary judgment in favor of Plaintiff and against Borrower on the Complaint's Third Cause of Action seeking accounting and restitution; (iv) award Plaintiff its fees, costs and expenses as expressly provided for under the Loan Documents; and (v) appoint a referee or direct the magistrate judge to compute the amount due to Plaintiff under the Loan Documents.

## FACTUAL BACKGROUND

The material facts underlying this action are set forth in the Local Rule 56.1 Statement of Undisputed Material Facts (the "SUMF") and the Declarations of Michael Strickland (the "Strickland Decl."), William Colucci (the "Colucci Decl.") and Brent Procida ("Procida Decl." accompanying the Motion.

## PROCEDURAL HISTORY

Plaintiff commenced this action by filing a complaint on October 6, 2023. ECF 1. On motion by the Plaintiff, the Court appointed a receiver by Order entered on November 22, 2023. ECF 25. After several exchanges of pre-motion letters Plaintiff filed an Amended Complaint on January 29, 2024 (ECF 35) and a Second Amended Complaint on March 4, 2024. ECF 43. The Defendants filed a motion to dismiss on jurisdictional grounds on March 25, 2024. ECF 44. The Court denied the motion to dismiss by Order dated February 5, 2025. ECF 54. By minute Order entered on February 6, 2025, the Court set a briefing schedule for summary judgment. The Borrower and Guarantor (collectively, the "Defendants") filed an answer and affirmative defenses on February 19,

62426255

2025.  ECF 57.  Despite the forthcoming motion for summary judgment, the Court entered a civil case management plan and discovery schedule on March 6, 2025.  ECF 59.[3]

## LEGAL STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The moving party bears the burden of establishing its prima facie entitlement to relief by demonstrating that there is no genuine issue as to any material fact.  *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005).  Once the moving party meets its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts;" it must come forward with specific facts showing a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  The opposing party may not rely on mere "conclusory allegations or unsubstantiated speculation," but rather must present admissible "evidence on which the jury could reasonably find for the non-movant."  *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (internal citations, quotation marks, and brackets omitted).  As demonstrated herein, none of the material facts are reasonably subject to dispute.

## ARGUMENT

### I.    Plaintiff Has Established Its Prima Facie Entitlement to Judgment on Count I as a Matter of Law

To prevail on a motion for summary judgment "[i]n a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt."  *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012);

---

[3]    Defendant Hawthorne Property Services, LLC was not successfully served until March 12, 2025 and has an answer deadline of April 3, 2025.  Hawthorne has a small lien on the Property and is not expected to appear.  Nevertheless, Plaintiff will supplement these pleadings to address Hawthorne's interest after April 3.

*see also Gustavia Home, LLC v. Rutty*, 785 Fed. App'x. 11, 14 (2d Cir. 2019) ("[P]laintiff establishes its prima facie entitlement to summary judgment by producing evidence of the mortgage, the note, and the defendant's default"); *CIT Bank, N.A. v. Nwanganga*, 328 F. Supp. 3d 189, 195 (S.D.N.Y. 2018) (same). "Where, as here, the defendant contests standing to foreclose, the plaintiff must [also] prove its standing as part of its prima facie showing . . . by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note." *Gustavia Home, LLC*, 785 F. App'x at 14 (internal quotation marks and citation omitted).

Plaintiff has easily met its prima facie burden by producing incontrovertible evidence of: (i) the Note and other Loan Documents evidencing the $25,000,000 Loan under which Borrower is obligated, (ii) the Mortgage securing the Loan, and (iii) Borrower's numerous Payment Defaults under the Loan. *See* SUMF ¶¶ 1-9, 19-26.

Plaintiff has also established its standing to enforce the Loan by producing undisputed evidence of its ownership of the Note. *See* SUMF ¶¶ 15-17. Specifically, Plaintiff has produced: (i) the Note, together with an Allonge executed by the Original Lender endorsing the Note to Plaintiff as of April 13, 2022 (the "Allonge"), and (ii) a declaration by Plaintiff's corporate representative attesting that the Allonge is firmly affixed to the Note and that Plaintiff maintained physical possession of the Note and the Allonge on and prior to the date this action was commenced. *See* SUMF ¶¶ 1-3, 15; Strickland Decl. ¶¶ 3-5, 10, Ex. 2 (the Note); *see also OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 223 (2d Cir. 2016) ("New York courts have repeatedly held that proof of physical possession [of a promissory note]—such as the affidavits of [plaintiff's] corporate representative . . . is sufficient on its own to prove a plaintiff's standing to foreclose on the mortgage associated with the note."); *CWCapital Asset Mgmt. LLC v. Charney-FPG 114 41st St., LLC*, 84 A.D.3d 506, 507 (1st Dept. 2011) (Agreement delegating authority to foreclose on a mortgage to plaintiff is sufficient to confer standing.); *cf. Wilmington Tr., N.A. v. 1141 Realty Owner, LLC*, No.

17-cv-7081 (LGS), 2018 WL 1384510, at *1 (S.D.N.Y. Mar. 16, 2018). The transfer of the Note and the Mortgage and other Loan Documents to Plaintiff was also documented and acknowledged in signed, notarized, and/or publicly recorded assignments. *See* SUMF ¶¶ 15-17; *see also* Ex. 7 (Assignment of Mortgage), Ex. 8 (ALR Assignment).

Plaintiff initially failed to make the monthly payment due on the Loan on April 6, 2023, and has failed to make any payment at all on account of the Loan since July 3, 2023. SUMF ¶¶ 19-26. These failures are express Events of Default under Section 10.1(a) of the Loan Agreement (among other provisions of the Loan Documents) and entitle Plaintiff to accelerate the Loan and foreclose on the Mortgage. *See* Ex. 5 (Loan Agreement) §§ 10.1(a), 10.2(a); SUMF ¶¶ 17-23. Despite being notified that the Loan was accelerated as of August 2, 2022, Borrower has failed to repay the Debt and remains in default under the Loan Documents. *See* SUMF ¶ 23; Strickland Decl. ¶¶ 13-18. Accordingly, Plaintiff has met its prima facie burden and is entitled to summary judgment on the Complaint's First Cause of Action for Foreclosure of the Mortgage. *See U.S. Bank, N.A. v. Squadron VCD, LLC*, No. 10-cv-5484, 2011 WL 4582484, at *4 (S.D.N.Y. Oct. 3, 2011), *aff'd*, 504 F. App'x 30 (2d Cir. 2012) ("Once plaintiff has established its prima facie case by presenting the note, mortgage, and proof of default, the mortgagee has a presumptive right to foreclose, which can only be overcome by an affirmative showing by the mortgagor.").

## II. Plaintiff Has Established Its Prima Facie Entitlement to Judgment on Count II as a Matter of Law

To prevail on summary judgment in an action to enforce a commercial guaranty a plaintiff must prove "the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty." *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 25 N.Y.3d 485, 492, 36 N.E.3d 80, 84 (2015), *citing Davimos v. Halle*, 35 A.D.3d 270, 272, 826 N.Y.S.2d 61 (1st Dept.2006). Where a guaranty is conditional, the plaintiff must also provide

*prima facia* evidence that the conditions triggering liability have been met. *A10 Capital, LLC v. Lispenard 3J, LLC*, 2023 WL 2163139, at *3 (N.Y. Sup. Ct. 2023). Thereafter, "the burden shifts to the defendant to establish, by admissible evidence, the existence of a triable issue with respect to a bona fide defense." *Cooperatieve Centrale,* 25 N.Y.3d at 492 (citation and internal quotation marks omitted).

Here, the existence of the Loan Documents, including the Loan Agreement and Guaranty, is irrefutably established by public records and the Plaintiff's declaration. SUMF ¶¶ 1-10; Strickland Decl. ¶¶ 3-9. The plain language of the Loan Agreement and Guaranty establish that the Guarantor is personally liable for the full amount of the debt if (among other triggers) the Borrower fails to (i) comply with the Cash Management Provisions; or (ii) replace the property manager following default and demand by the Lender. SUMF ¶¶ 27-28. Moreover, the Guaranty contains a comprehensive waiver of defenses. *Fortress Credit Corp. v. Hudson Yards, LLC*, 78 A.D.3d 577, 577, 912 N.Y.S.2d 41, 41–42 (1st Dep't 2010) ("Defendant's affirmative defenses, however, are precluded by the guaranty, which waived all defenses and counterclaims except actual payment and performance in full…"). Ex. 6, Art. 24.

Here, the Borrower's near total disregard of the Cash Management Provisions (as defined in the Loan Agreement) is proven beyond dispute by (iii) the August 2022 letter requiring that rents be deposited into a new Borrower controlled account instead of the Restricted Account; (ii) the failure of the Borrower to deposit any funds into the Restricted Account after October 2022; and (iii) the conversion of $700,000 of the Plaintiff's cash collateral following default. (SUMF ¶¶ 12-14, 27-33, Strickland Decl. ¶¶ 19-24, Colucci Decl. ¶ 5; Colucci Ex. 1, 2, Ex. 11(Restricted Account Statements), Ex. 12 (Tenant Direction Letter)). Indeed, the August 2022 letter could hardly be a more flagrant breach of the Borrower's warranty and covenant that it "shall not rescind, withdraw or change any [payment] notices or instructions… without Lender's prior written

- 6 -

consent…". SUMF 26. The Guarantor's liability is independently established by its refusal to appoint a new property manager upon demand by the Plaintiff. SUMF ¶¶ 25-26, 35-39, Ex. 13 (Cash Management Demand Letter).

While it is unusual for a borrower to loot funds as brazenly as in this case, courts routinely enforce full recourse triggers for similar violations of cash management restrictions if such liability is provided for in the loan documents. In the recent case of *A10 Capital, LLC v. Lispenard 3J, LLC* the court held that a borrower's failure to deposit rents into a lender-controlled count triggered full recourse because such actions "interfered or hindered Plaintiff in the exercise of its remedies against the Defendants and mortgaged property." 2023 WL 2163139, at *4 (N.Y. Sup. Ct. 2023). Here, the Borrower's actions are more egregious and the Plaintiff's contractual protections are stronger, since failure to comply with the Cash Management Provisions is a direct full recourse trigger without regard for any interference or hindrance of remedies. Accordingly, the Plaintiff has provided *prima facie* proof of an absolute and unconditional guaranty of the underlying debt, the occurrence of all conditions precedent to liability, and the Guarantor's failure to perform.

## III.    The Court Should Award Plaintiff Its Fees, Costs and Expenses

Pursuant to the Loan Agreement, among other Loan Documents, Borrower is liable for and shall pay, in addition to all other sums owing under the Loan, all costs, expenses, and fees, including but not limited to attorneys' fees and expenses, incurred in connection with Plaintiff's enforcement and collection of the sums due from Borrower under the Loan. *See* Loan Agreement §§ 17.6, 17.7. Here, Borrower's defaults constitute Events of Default under the Loan Documents that have not been cured or remedied. On October 6, 2023, Plaintiff commenced this action to enforce the Mortgage and collect the sums due from Borrower. This Court should honor the parties' express agreement and award Plaintiff the fees, costs and expenses it has incurred in prosecuting this action. *See Gaia House Mezz LLC v. State St. Bank & Trust Co.*, 720 F.3d 84, 95 (2d Cir. 2013); *Home Loan Inv.*

- 7 -

*Bank F.S.B., v. Lemans Props., LLC*, No. 11-cv-1107 (DRH) (AKT), 2012 WL 1020430, at \*4-7 (E.D.N.Y. Mar. 2, 2012), *adopted by* No. 11-cv-1107, 2012 WL 1019597 (E.D.N.Y. Mar. 26, 2012).

**IV.    The Court Should Appoint a Referee to Compute the Amounts Due Under the Loan**

Upon a grant of summary judgment, the Court should appoint a referee to compute the amount due under the Loan Documents, as well as Plaintiff's fees, costs, and expenses. *See* Fed. R. Civ. P. 53(a); N.Y. R.P.A.P.L. § 1321; *see also Resolution Trust Corp. v. Hidden Ponds Phase IV Dev. Assocs.*, 873 F. Supp. 799, 807-08 (E.D.N.Y. 1995) (granting plaintiff's motion for summary judgment on foreclosure claim and appointing a referee, pursuant to Rule 53(a) and Section 1321 of the New York Real Property Actions and Proceedings Law, "to ascertain and compute the amount due to plaintiff under the note and the mortgage."); *Greystone Bank v. Skyline Woods Realty, LLC*, 817 F. Supp. 2d 57, 65 (N.D.N.Y. 2011) (same); *Nat'l Life Ins. Co. v. Koncal Realty Assocs. Ltd. P'ship*, No. 99-cv-11840 (CM), 2000 WL 1677954, at \*2-3 (S.D.N.Y. Nov. 2, 2000) (same).[4]

**V.    The Plaintiff is Entitled to Summary Judgment on its Claim for Equitable Accounting and Restitution.**

Plaintiff is entitled to an equitable accounting and restitution because the Borrower has misappropriated Rents held in trust. For the Court to grant an accounting, there must be wrongdoing by the defendant with respect to fiduciary property, demand, and refusal. *Rozenberg v. Perlstein*, 200 A.D.3d 915, 920-921 (2d Dep't 2021). Based on the Loan Documents, the Borrower owes a fiduciary duty to the Lender when collecting Rents. Pursuant to section 9.2(a) of the Loan Agreement:

> Until deposited into the Restricted Account, any Rents and other revenues from the Property held by the Borrower shall be deemed to be collateral and ***shall be held in trust*** by it for the benefit, and as the property, of Lender... Ex. 5, §9.2(a) (emphasis supplied).

---

[4]    Alternatively, the Court could appoint a Special Master or a Magistrate Judge to compute the amount due under the Loan Documents and Plaintiff's fees, costs, and expenses. *See* Fed. R. Civ. P. 53(a)(1).

62426255

Here, the Defendants transferred at least $700,000 to themselves which they are obligated to hold in trust for the Plaintiff and have failed to account for despite written demand. According, summary judgment is appropriate on Count III.

## VI.    The Plaintiff is Entitled to Summary Judgment on the Affirmative Defenses.

The Guarantor has waived all affirmative defenses other than payment in full, which has not been alleged. Ex. 6, Art. 5, 13. Nevertheless, the Defendants' defenses are invalid on their face in light of the evidence already before the Court.

### A.    First Affirmative Defense - Jurisdiction.

For the third time in this case the Borrower has chosen to waste this Court's time contesting diversity jurisdiction rather than disclosing the residency of its members. The Plaintiff has provided copies of publicly recorded real property records and various other corroborating information establishing residential addresses of the members prior to the Complaint. Procida Decl., Exs. 1-8. The Defendants, despite undoubtedly having access to this information, have provided nothing.

A plaintiff need only prove diversity by a preponderance of the evidence. *Van Buskirk v. United Grp. of Cos*., 935 F.3d 49, 56 n.3 (2d Cir. 2019). An individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of his domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455, 62 S.Ct. 303, 309, 86 L.Ed. 329 (1941); *Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986). Once a domicile has been established, it is presumed to remain unchanged, and the party seeking to prove the change has the burden. *Willis*, 651 F. Supp. 598, 603 (S.D.N.Y. 1986) ("[O]n the question of whether a party has changed his established domicile the party seeking to prove the change has the burden.") *quoting Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 353, 22 L.Ed. 584 (1874).

An additional presumption exits in favor of the Plaintiff because of the virtual certainty

that the Defendants know the domicile of each LLC member and have refused to confirm this information with the Plaintiff or the Court.  *See* ECF no. 27 (Rule 7.1 Disclosure); Procida Decl., Ex. 9; *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).  The Borrower is a closely held Delaware LLC for which Moshe Rothman is the manager.  There are only six individual members other than Mr. Rothman and he is the managing member of at least 3 other multimillion-dollar projects *with the same members*.  Procida Decl. ¶¶ 2-3, 7.

> The Delaware Limited Liability Company Act provides:
>
> A limited liability company *shall maintain* a current record that identifies the name and last known business, residence or mailing address of each member and manager.

Del. Code Ann. tit. 6, § 18-305 (West) (emphasis supplied).  Consequently, when the Borrower and Guarantor deny any knowledge of the members' contact information or addresses, they are either violating Delaware law or lying.[5]

Mr. Rothman's business partner, Chaim Puretz, recently pled guilty to mortgage fraud and two other investment properties owned by the same investors as Salina Meadows are scheduled to be sold at auction on March 31, 2025.  Procida Decl. ¶¶ 6, 8.  Consequently, in addition to violating Delaware law, Mr. Rothman is asking this Court the believe that none of the members ever received a distribution, requested any tax documents, or simply asked for an update despite the felony conviction of a close associate and the impending total loss of at least two of their four investments.

Finally, the Defendants' halfhearted claim that discovery might show that "one or more of the members transferred their interests to third parties" is belied by the applicable Operating Agreement, which states:

---

[5]    The Defendants' claim of ignorance is particularly incredible in the case of Hannah Gottesman, the wife of Chaim Puretz.

> Without the ***prior written consent of the Manager***, which consent shall be given or withheld in its sole and absolute discretion, Interests, in whole or in part, may not be assigned, transferred, pledged, or encumbered…  Any attempt to assign, transfer, pledge or encumber the Interests without such consent ***shall be null and void and of no effect whatsoever ab initio.***

Procida Decl., Ex.10, § 8.01(a).  Accordingly, the Plaintiff is entitled to summary judgment on the affirmative defense alleging lack of jurisdiction.

### B.    Second Affirmative Defense – Failure to State a Claim.

For the reasons stated *supra*, the Plaintiff not only states a claim, but has established *prima facia* cases for foreclosure, breach of guaranty, accounting and restitution.

### C.    Third Affirmative Defense – Invalid Documents.

The Defendants argue in the Third Affirmative Defense:

> Plaintiff's claims fail because the agreements alleged were not duly executed and acknowledged, there was no meeting of the minds as to the terms, the versions recorded were not the versions executed, or there was a mistake. Among other things, Defendants were asked to sign and execute acknowledgements of blank signature pages and did not receive a closing binder to sign containing any final agreed-upon terms.

Evidently when performing their good faith due diligence prior to make the above allegation, the Defendants failed to review the opinion letter provided at closing ***by their own attorney***, which states, in part:

> We have acted as counsel to Borrower, Aevri Salina Meadows SPE, LLC, a Delaware limited liability company (the "Sole Member") and Moshe Rothman ("Guarantor")…

> Based upon and subject to the foregoing, and subject to the assumptions, limitations and qualifications contained herein, we are of the opinion that:…

> > Each of the Loan Documents to which the Borrower is party ***has been duly executed and delivered by the Borrower***…

> > Each of the Loan Documents to which Borrower is a party is a legal, valid and binding obligation of the Borrower…

> > Each of the Loan Documents to which Guarantor is party ***has been duly executed and delivered by the Guarantor***…

- 11 -

> Each of the Loan Documents to which Guarantor is a party is a legal, valid and binding obligation of Guarantor… <u>Ex. 14</u>, pgs. 1, 5-6. (Emphasis supplied).

At the risk of stating the obvious, the Defendants' claim that "the agreements alleged were not duly executed" is irreconcilable with their attorney's representation, relied on at closing, that each of the Loan Documents "has been duly executed and delivered". While questions should be asked about the Defendants "reasonable inquiry under the circumstances" prior to filing this pleading, no more ink should be wasted litigating the Third Affirmative Defense in the context of summary judgment.

**D.     Fourth Affirmative Defense - Unclean Hands, Waiver, and Estoppel.**

The Defendants cannot plead "based on what discovery may reveal." Affirmative defenses that amount to nothing more than mere conclusions of law without any asserted facts have no efficacy. *Shechter v. Comptroller of NY*, 79 F.3d 265, 270 (2d Cir. 1996). The possibility a defendant might conceivably uncover some piece of evidence relevant to a defense is insufficient to justify discovery. *In re Sur. Asso. of Am.*, 388 F.2d 412, 414 (2d Cir. 1967); *see Collens v City of NY*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004).

**E.     Fifth Affirmative Defense - Standing.**

As with the Defendants' Fourth Affirmative Defense, this defense amounts to nothing more than a statement that standing is a recognized defense in American jurisprudence. *Shechter*, 79 F.3d at 270. However here, constitutional standing exists because Plaintiff suffered a concrete and particularized injury when Borrower failed repay the Loan and foreclosure of the Mortgage and the enforcement of the Guaranty would redress Plaintiff's injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). The Defendants' vague allusions to insufficient contractual, statutory, or prudential standing lack any detail and do not merit response.

**F.     Sixth Affirmative Defense - The Assignments are Invalid.**

Again, the Defendants do not offer any theory as to how the assignments could be invalid

62426255

and the documents attached to the Motion prove otherwise.  Each assignment is set forth *supra*, attached to the pleadings and affirmed by declaration.  *See Wells Fargo Bank, N.A. v. Walker*, 141 A.D.3d 986, 987 (3d Dep't 2016) (Affirming summary judgment and stating, "[e]ither a written assignment of the underlying note or the physical delivery of the note prior to commencement of the foreclosure action is sufficient to transfer the obligation.").

G.    **Seventh Affirmative Defense – Lack of a Necessary Party - Original Lender.**

The Original Lender does not have any right or interest in the property and is therefore not a necessary party.  *Polish Nat. All. of Brooklyn, U.S.A. v. White Eagle Hall Co.*, 98 A.D.2d 400, 404 (2d Dep't 1983) ("Necessary parties include persons with title to the premises, tenants, and those holding subordinate liens, or subordinate judgments.").  The Original Lender's rights and interest in the property were transferred to Lender in their entirety pursuant to the assignments. As a result, Original Lender is not required as a party for Lender to enforce its right in full against the Borrower. *See NC Venture I, L.P. v. Complete Analysis, Inc.*, 22 A.D.3d 540, 542–43 (2d Dep't 2005) (Finding that certain entities were not "indispensable to the case" because the action could "fairly proceed without them" and their presence was "not required to afford complete relief between the parties").

H.    **Eighth Affirmative Defense – Plaintiff Cannot Simultaneously Sue for Debt and Foreclose.**

Contrary to the Defendants' claim, under New York's one action rule the Plaintiff is ***required*** to name the Guarantor in the foreclosure action.  *RSS WFCM2018-C44-NY LOD, LLC v. 1442 Lexington Operating DE LLC*, 2021 WL 5745927, at *4 (S.D.N.Y. Dec. 2, 2021) (J. Cote) ("This provision of New York law is referred to as the One-Action Rule. It does not preclude a mortgagee from seeking a deficiency judgment in the same action in which it seeks to foreclose on a mortgage.  Indeed, under N.Y. R.P.A.P.L. § 1371(3) a failure to name the guarantor in the

- 13 -

initial foreclosure action may result in a loss of the right to recover the deficiency.").  At this time Plaintiff seeks only a partial judgment against the Guarantor as to liability based on the Borrower's failure to comply with the Cash Management Provisions.  The claim will not be fully liquated and ripe for final judgment until after the foreclosure sale is held and a deficiency judgment issued.

## I.    Ninth Affirmative Defense – Unenforceable Guaranty.

The ninth affirmative defense is an unintelligible polyglot of baseless and/or legally irrelevant claims.  The Guarantor's own attorney has confirmed the execution and enforceability of the Guaranty.  Ex. 14.  The Guaranty waives notice, and in any event the exhibits demonstrate repeated notice to the Guarantor dating back to June 2023.  Exs. 6, 9.  The face of the documents, the recording in the public records and the Book Opinion Letter demonstrate that there was no alteration of the debt.  The Defendants' claim of impairment of collateral is laughable given its mismanagement of the Property and theft of $700,000 of collateral.  Finally, Plaintiff cannot have failed to conduct the foreclosure sale in a commercially reasonable manner when it has not yet taken place.

## J.    Tenth Affirmative Defense - Statute of limitations.

The Defendant's pleading is at its most absurd with the tenth affirmative defense.  Actions to foreclose a mortgage and enforce a guaranty are both governed by a six-year statute of limitations.  *Deutsche Bank Nat'l Tr. Co. v. Fresca*, 208 A.D.3d 632, 633 (2d Dep't 2022), *Seoulbank, New York Agency v. D&J Exp. & Imp. Corp.*, 270 A.D.2d 193, 194 (1st Dep't 2000).  The Loan was only originated four years ago.  Accordingly, there can be no limitations defense.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court: (i) grant summary judgment in favor of Plaintiff and against Borrower on the Complaint's First Cause of Action for Foreclosure of the Mortgage; (ii) grant summary judgment in favor of Plaintiff as to liability on the

Second Cause of Action against Borrower and Guarantor with final judgment to be issued upon

determination of a deficiency pursuant to N.Y. R.P.A.P.L. §1371; (iii) grant summary judgment in

favor of Plaintiff and issue an Order directing the Borrower to account for all funds held in trust and

directing turnover of those funds (iv) dismiss the affirmative defenses; (v) award Plaintiff its fees,

costs and expenses; and (vi) appoint a referee or direct the magistrate judge to compute the amount

due to Plaintiff under the Loan Documents.

Dated:  New York, New York
       March 19, 2025                   Respectfully submitted,

                               **VENABLE LLP**

                         By:  */s/ Brent W. Procida*
                               Gregory A. Cross
                               Brent W. Procida
                               750 E. Pratt Street
                               Suite 900
                               Baltimore, Maryland 21202
                               Tel.: (410) 244-7400
                               Fax: (410) 244-7742
                               bwprocida@venable.com

                               Adam G. Possidente
                               151 W. 42nd Street
                               New York, New York 10036
                               Tel.: (212) 307-5500
                               Fax: (212) 307-5598
                               apossidente@venable.com

                               *Counsel for Plaintiff*

- 15 -

## <u>CERTIFICATION OF WORD COUNT COMPLIANCE</u>

Pursuant to Local Civil Rule 7.1(c), I hereby certify that the foregoing Memorandum of

Law contains 4,619 words (exclusive of the case caption, table of contents, table of authorities,

and signature block), as determined by the word-processing system used to prepare the document.

Dated: New York, New York
     March 19, 2025                  Respectfully submitted,

                           **VENABLE LLP**

              By: <u>*/s/ Brent W. Procida*</u>
                   Gregory A. Cross
                   Brent W. Procida
                   750 E. Pratt Street
                   Suite 900
                   Baltimore, Maryland 21202
                   Tel.: (410) 244-7400
                   Fax: (410) 244-7742
                   bwprocida@venable.com

                   Adam G. Possidente
                   151 W. 42nd Street
                   New York, New York 10036
                   Tel.: (212) 307-5500
                   Fax: (212) 307-5598
                   apossidente@venable.com

                   *Counsel for Plaintiff*

62426255