**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, as Trustee for the benefit of the Registered Holders of BBCMS Mortgage Trust 2022-C15 Commercial Mortgage Pass-Through Certificates, Series 2022-C15, acting by and through its special servicer, Rialto Capital Advisors, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AEVRI SALINA MEADOWS LLC; HAWTHORNE PROPERTY SERVICES, LLC; and MOSHE ROTHMAN, <br><br> Defendants. | Case No.: 1:23-cv-08824 <br><br> Hon. John P. Cronan <br><br> **DECLARATION OF** <br> **MICHAEL STRICKLAND** |

I, Michael Strickland, hereby declare as follows:[1]

1. I am over the age of eighteen years of age and am competent to testify in a court of law. I am employed by Rialto Capital Advisors LLC ("Rialto") as a Senior Vice President of Asset Management. I am in charge of the management and disposition of specially serviced loans and I am the Asset Manager assigned to the Loan (as hereinafter defined). Based on my responsibilities with Rialto, I am familiar with the facts and circumstances underlying the above-captioned action and the related transactions. I am one of the custodians of the books, records, and files of the Trust (as hereinafter defined) and Rialto that pertain to the Loan (collectively, the "Business Records"). I have personally worked on and reviewed the books, records, and files, and as to the following facts, I know them to be true of my own knowledge, or I have gained knowledge of them from the Business Records, which were made at or about the time of the events recorded, and which are

---

[1] Capitalized terms not otherwise defined shall have the meanings given to them in the Motion.

maintained in the ordinary course of the Trust's or Rialto's business at or near the time of the acts, conditions or events to which they relate. Upon information and belief, all such documents were prepared in the ordinary course of business by a person who had personal knowledge of the event being recorded and who had a business duty to accurately record such event. The Business Records are available for inspection and copies can be submitted to the Court if required.

2. I make this Declaration in support of the Motion for Summary Judgment (the "Motion") filed by Plaintiff Wilmington Trust, National Association, as Trustee for the benefit of the Registered Holders of BBCMS Mortgage Trust 2022-C15 Commercial Mortgage Pass-Through Certificates, Series 2022-C15, acting by and through its special servicer, Rialto Capital Advisors, LLC ("Plaintiff" or the "Trust"). A copy of the Second Amended Complaint is attached as **Exhibit 1**.

## The Loan and Loan Documents

3. On or about February 16, 2022, the Bank of Montreal (the "Original Lender") made a loan to Aevri Salina Meadows LLC (the "Borrower") in the principal amount of $25,000,000 (the "Loan").

4. To evidence its indebtedness under the Loan, Borrower, as obligor, duly executed, acknowledged and delivered to Original Lender, as obligee, a Promissory Note dated as of February 16, 2022, in the original principal amount of $25,000,000 (the "Note"). A true and complete copy of the Note is attached as **Exhibit 2**.

5. The Note obligated Borrower to pay Original Lender, its successors or assigns, the principal sum of $25,000,000, plus interest and other amounts owing under the Loan.

6. Borrower, as obligor and mortgagor, executed and delivered to Original Lender, as obligee and mortgagee, a Mortgage and Security Agreement, dated as of February 16, 2022 (the

"Mortgage"). The Mortgage granted a security interest in the Property to Original Lender, its successors or assigns, to secure Borrower's obligations under the Loan. A true and complete copy of the Mortgage is attached as **Exhibit 3**.

7.  To further secure its payment and performance of obligations under the Loan, Borrower, as obligor and assignor, executed and delivered to Original Lender, as obligee and assignee, an Assignment of Leases and Rents dated as of February 16, 2022 (the "ALR"). A true and complete copy of the ALR is attached as **Exhibit 4**.

8.  Borrower also executed and delivered to Original Lender a Loan Agreement dated as of February 16, 2022 (the "Loan Agreement"), pursuant to which the Borrower agreed to comply with additional terms, provisions, and obligations with respect to the Loan for the benefit of the Original Lender, its successors and assigns. A true and complete copy of the Loan Agreement is attached as **Exhibit 5**.

9.  As an inducement for Original Lender to make the Loan and to secure repayment of the Loan, Defendant Moshe Rothman ("Rothman") executed and agreed to be bound by a Limited Recourse Guaranty dated as of February 16, 2022 (the "Guaranty" and together with the Note, Mortgage, ALR, Loan Agreement and all other documents executed in connection with the Loan, the "Loan Documents"). A true and complete copy of the Guaranty is attached as **Exhibit 6**.

10. At closing, as a condition of issuing the Loan, the Defendants provided a letter from their counsel, Mordechai Book, Esq., (the "Book Opinion Letter") confirming that he had reviewed fully executed copies of the Loan Documents and that:

> Each of the Loan Documents to which the Borrower is party has been duly executed and delivered by the Borrower…
>
> Each of the Loan Documents to which Borrower is a party is a legal,

3

> valid and binding obligation of the Borrower…
>
> Each of the Loan Documents to which Guarantor is party has been duly executed and delivered by the Guarantor…
>
> Each of the Loan Documents to which Guarantor is a party is a legal, valid and binding obligation of Guarantor…

A true and complete copy of the Book Opinion Letter is attached as **Exhibit 14**.[2]

### The Transfer of the Loan to the Plaintiff

11. Borrower physically delivered the Note to Lender and executed an Allonge to the Note in Lender's favor on or about April 13, 2022 (the "Allonge"). A true and correct copy of the Allonge is affixed to the Note.

12. Original Lender assigned its interest in the Mortgage to the Lender by Assignment of Mortgage effective as of April 13, 2022 (the "Assignment of Mortgage") and recorded in the Recorder's Office of Onondaga County, New York on August 18, 2022, as Instrument No. 2022-00033776. A true and correct copy of the Assignment of Mortgage is attached hereto as **Exhibit 7**.

13. Original Lender assigned its interest in the ALR to Lender pursuant to an Assignment of ALR effective as of April 13, 2022 (the "Assignment of ALR") and recorded in the Recorder's Office for Onondaga County, New York on August 18, 2022, as Instrument No. 2022-00033777. A true and correct copy of the Assignment of ALR is attached hereto as **Exhibit 8**.

14. The Lender took assignment of the Loan for value, in good faith, and without notice that it was overdue or had been dishonored or of any defense against or claim to it on the part of any person.

### The Payment Defaults.

---

[2] The quoted portions of the Book Opinion Letter appear on pages 5 and 6.

65068497

15. The Borrower initially paid the Loan without comment for over a year and never alleged that that its terms had been altered through the use of detached signature pages. However, the Borrower failed to make the regular monthly payment of interest and escrows due under the Loan Documents on April 6, May 6, and June 6, 2023.

16. By letter dated June 29, 2023 (the "Notice of Default"), Plaintiff notified Borrower that an Event of Default had occurred due to its failure to make payments as and when due under the Loan Documents. A true and correct copy of the Notice of Default is attached hereto as **Exhibit 9**.

17. Borrower made a lump sum payment of $320,000 on July 3, 2023, however, the payment was insufficient pay past due interest and did not make any contribution to the past due escrow payments required under the Loan Agreement.

18. Borrower failed to make any payment on account of the installment due on July 6, 2023.

19. By letter dated August 2, 2023 (the "Notice of Acceleration"), the Lender exercised its right to accelerate the Loan and declare the entire debt immediately due and payable. A true and complete copy of the Notice of Acceleration is attached as **Exhibit 10**.

20. As of the date of this pleading, the Borrower has not made any payment since July 3, 2023.

## Failure to Comply with the Cash Management Provisions

21. Contemporaneous with the closing of the Loan, Lender and Borrower opened the Restricted Account required under the Loan Agreement for the purpose of enabling the Lender to control the rental income of the Property. True and complete copies of the monthly statements for the Restricted Account for February through October, 2022, are attached as **Exhibit 11**.

65068497

22.    The monthly deposits into the Restricted Account after origination are shown in the following chart:

**Restricted Account**

| 2/22 | $56,065.62 | 6 deposits |
| 3/22 | $136,063.66 | 15 deposits |
| 4/22 | $299,585.73 | 25 deposits |
| 5/22 | $271,382.48 | 23 deposits |
| 6/22 | $202,857.89 | 23 deposits |
| 7/22 | $171,928.27 | 23 deposits |
| 8/22 | $133,171.63 | 16 deposits |
| 9/22 | $26,618.81 | 4 deposits |
| 10/22 | $19,001.07 | Last deposit 10/24/22 |

23.    As can be seen from the account statements, the Borrower initially deposited or instructed the tenants of the Property to deposit a substantial portion of the rents into the Restricted Account as agreed upon in the Loan Documents.

24.    However, the Borrower then began diverting rents from the Restricted Account and *has not made a single deposit to the Restricted Account since October 24, 2022*.

25.    By letter dated August 8, 2023, the Plaintiff demanded that the Borrower immediately resume compliance with the Cash Management Provisions of the Loan Documents and provide an accounting of all amounts diverted from the Restricted Account since the origination of the Loan. A true and complete copy of this letter is attached as **Exhibit 12**.

6

65068497

26. The Borrower failed to return these funds or provide an accounting as required under the Cash Management Provisions.

### Failure to Change the Manager

27. By letter dated September 16, 2023, the Plaintiff demanded that the Borrower terminate the existing property manager and engage William C. Colucci and Cushman & Waterfield/Pyramid Brokerage as manager. A true and complete copy of this letter is attached as **Exhibit 13**.

28. Borrower failed to comply with this demand and continued diverting rents until the appointment of Mr. Colucci as receiver on November 22, 2023.

### The Outstanding Loan Debt

29. As of November 1, 2024, the total unpaid balance of Borrower's obligations under the Loan Documents was calculated to be at least $37,262,886.04, and includes (i) the unpaid total principal amount of $25,000,000, (ii) accrued and unpaid interest at the non-default rate of 5.02% per annum ("Note Rate") in the amount of $1,488,569.44, (iii) late charges in the amount of $62,734.92, (iv) a payoff quote/verification fee in the amount of $4,500.00, (v) a prepayment premium in the amount of $9,397,587.16; (vi) separate and additional default interest at the rate of 5% per annum (the "Default Rate") in the amount of $1,996,527.78, (vii) interest on advances in the amount of $99,874.69, and (viii) protective advances for taxes, special servicer fees and legal fees totaling $1,389,234.81, less certain funds held in suspense, reserve, or escrow accounts totaling $1,693,884.03.

65068497

30.    Interest on the unpaid principal balance continues to accrue at the Note Rate and Default Rate in the amount of $ 6,958.33 per day.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on March 19, 2025.

_____
Michael Strickland