UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, as Trustee for the benefit of the Registered Holders of BBCMS Mortgage Trust 2022-C15 Commercial Mortgage Pass-Through Certificates, Series 2022-C15, acting by and through its special servicer, Rialto Capital Advisors, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AEVRI SALINA MEADOWS LLC; HAWTHORNE PROPERTY SERVICES, LLC; and MOSHE ROTHMAN,<br><br>    Defendants. | Case No.: 1:23-cv-08824<br><br>Hon. John P. Cronan<br><br>**DECLARATION OF<br>BRENT W. PROCIDA** |

  I, Brent W. Procida, an attorney duly admitted to practice law in the State of New York, hereby declare as follows under the penalty of perjury and pursuant to 28 U.S.C. § 1746:

  1.  I am an attorney admitted to practice before this Court and a partner at the law firm Venable LLP, attorneys for the above-captioned Plaintiff Wilmington Trust, National Association, as Trustee for the benefit of the Registered Holders of BBCMS Mortgage Trust 2022-C15 Commercial Mortgage Pass-Through Certificates, Series 2022-C15, acting by and through its special servicer, Rialto Capital Advisors, LLC, in this action.

  2.  According to pleadings filed by Mr. Rothman in a pending litigation in New York Supreme Court, Monroe County, Mr. Rothman and Chaim Puretz are partners in the Borrower and several other investments. Exhibit 1 attached hereto is a true and complete copy of the complaint filed by Mr. Rothman in the matter of *Rothman v. Puretz*, index no. E2023001856, NYSCEF no 1, filed on February 23, 2023.

3. As described by Mr. Rothman "Mr. Puretz proposed that he would do much of the initial legwork, including identifying properties to acquire and serving as asset manager for the properties, while Mr. Rothman would serve as the sponsor and the ultimate managing member of the LLCs. Mr. Rothman and Mr. Puretz agreed that they would share profits from these investments. Mr. Puretz, however, wanted to keep his own name out of the LLC agreements and took neither a managing member role nor a membership interest in any of the LLCs. The agreement to share profits between him and Mr. Rothman was personal and informal." Ex. 1, ¶ 29.

4. This undisclosed arrangement contradicts Mr. Rothman's representations to the Original Lender concerning the ownership of the Borrower. Ex. 2.[1]

5. Upon information and belief, Mr. Rothman and Mr. Puretz conspired to conceal Mr. Puretz's interest because he had been accused of fraud in connection with a similar investment and knew the loan would not be approved if Mr. Puretz appeared as a member.[2]

6. Mr, Puretz recently pled guilty to felony mortgage fraud in connection with a mortgage originated in 2020 and is scheduled to begin a two-year prison sentence on May 31, 2025.

7. The Borrower was one of at least four investments vehicles organized by Rothman and Chaim Puretz. Three of these have *same the six individual investors* and the fourth includes three members of the Borrower. Ex. 1, ¶¶ 6-10, 38; Ex. 2.

8. Public notices indicate that properties held by one of these investment vehicles, Aevri Upstate Investors, LLC, are scheduled to be auctioned on March 31, 2025.[3]

---

[1] **Exhibit 2** is the combined organizational charts for Aevri Salina Meadows LLC and Aevri Long Lake, LLC, and Aevri Arlington Green, LLC filed by Mr. Rothman as exhibits in *Rothman v. Puretz*.
[2] *See* https://www.justice.gov/archives/opa/pr/three-real-estate-investors-plead-guilty-119m-mortgage-fraud-conspiracy; https://www.justice.gov/usao-nj/pr/real-estate-investor-pleads-guilty-547m-mortgage-fraud-conspiracy
[3] https://www.ten-x.com/listing/441-s-salina-st-syracuse-ny-13202/34413291/?list_name=search%20results

66263058

9. Certified copies of real property records established that prior to the Second Amended Complaint, the individual members of the Borrower were domiciled in New York, New Jersey and Texas.

10. Kalman Rubinstein is natural person and a citizen of the State of the New York. At the time of the Complaint Mr. Rubinstein resided at 1162 57th Street, Brooklyn, New York 11219. Ex. 3.

11. Allen Azoulay is natural person and a citizen of the State of the New Jersey. At the time of the Complaint Mr. Azoulay resided at 17 Fountain Dr Apt 3, Lakewood, New Jersey 08701. He currently resides at 1609 Thames Way, Toms River, New Jersey 08755. Ex. 4.

12. Hannah Gottesman is natural person and a citizen of the State of New Jersey and at the time of the Complaint resided at 27 Wilson Boulevard, Jackson, New Jersey 08527. She is also the wife of Rothman's business partner, Chaim Puretz. Ex. 5.

13. David Helfgott is natural person and a citizen of the State of the New York and at the time of the Complaint resided at 1538 E. 7th Street, Brooklyn New York. Ex. 6.

14. Gabriel Herzig is natural person and a citizen of the State of Texas residing a 7702 Moondance Lane, Houston, Texas 77071. Mr. Herzig previously resided in California and New York. Procida Decl., Ex. 7.

15. Shmuel Friedman is natural person and a citizen of the State of the New Jersey having an address at 1942 White Knoll Drive, Toms River, New Jersey 08755. Ex. 8.

16. Mr. Rothman acknowledges he "is a successful real estate investor and the ultimate managing member" of all of these entities. Ex. 1, ¶¶ 1, 5.

66263058

17. Delaware law provides that "[a] limited liability company shall maintain a current record that identifies the name and last known business, residence or mailing address of each member and manager." Del. Code Ann. tit. 6, § 18-305 (West).

18. Despite their statutory obligation to maintain such records, during jurisdictional discovery the Defendants disclaimed "the name and last known business, residence or mailing address of each member." Ex. 9.[4]

19. Further, Mr. Rothman attached a copy of the Operating Agreement for Aevri Salina Investors, LLC to his verified complaint against Chaim Puretz. Ex. 10.

20. The Aevri Salina Investors, LLC Operating Agreement provides that any attempted transfer of membership interest without the written consent of the manager is void *ab initio*. Ex. 10, § 8.01(a).

21. Accordingly, as a matter of law, the ownership of the Borrower cannot have changed without Mr. Rothman's knowledge and consent.

22. By Order entered on December 6, 2023 (ECF 32), the Court allowed the parties to conduct jurisdictional discovery though January 31, 2025

23. The Defendants did not serve any discovery.

24. The Plaintiff filed its Second Amended Complaint on March 4, 2024. (ECF 43).

25. By letter dated March 6, 2024, the Plaintiff demanded an accounting of missing rents. Ex. 11.

---

[4] **Exhibit 9** is a true and complete copy of the discovery responses served by the Borrower and Guarantor. Although the Defendants disclaim any obligation to respond to the discovery requests because they are allegedly unsigned, counsel's printed name is an effective signature under both New York and federal law. 15 U.S.C.A. §§ 7001, 7006(6) (West); N.Y. State Tech. Law § 302(3), 304(2) (McKinney).

66263058

26. By letter dated March 6, 2024, the Plaintiff's counsel demanded an accounting of $645,852.99 of missing rents from 2023. Ex. 12.[5]

27. No accounting has been provided.

28. Following denial of a motion to dismiss on jurisdictional grounds, the Borrower and Guarantor filed a joint answer and affirmative defenses on February 19, 2025 (the "Answer") (ECF 57). Ex. 13.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on March 19, 2025.

Brent W. Procida

---

[5] **Exhibit 12** is a true and complete copy of counsel's March 6, 2024 letter,

66263058