

750 E. PRATT STREET   SUITE 900   BALTIMORE, MD 21202
T 410.244.7400   F 410.244.7742   www.Venable.com

March 26, 2025

t 410.244.7862
f 410.244.7742
BWProcida@Venable.com

**Via ECF**

Hon. Judge John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

    Re:    Wilmington Trust, National Association v. Aevri Salina Meadows LLC et al.,
             Case No. 1:23-cv-08824-JPC-JLC

Honorable Judge Cronan:

    This office represents Wilmington Trust, National Association, as Trustee, for the benefit of the Registered Holders of BBCMS Mortgage Trust 2022-C15, Commercial Mortgage Pass-Through Certificates Series 2022-C15, acting by and through its special servicer, Rialto Capital Advisors LLC, Plaintiff in the above-captioned action. I write pursuant to Rules 1.A and 5.C of Your Honor's Individual Rules And Practices In Civil Cases to request a pre-motion conference concerning Plaintiff's intent to file a motion to stay discovery until the pending motion for summary judgment has been decided.

    As required by your Honor's Individual Rule 5.C, on March 26, 2025, Plaintiff's counsel met and conferred by telephone with counsel for Defendant Aevri Salina Meadows, LLC (the "Borrower") and Moshe Rothman (the Guarantor and collectively with the Borrower, the "Defendants") regarding a proposed stay of discovery. The parties were unable to come to an agreement.

    Although the parties conducted a Rule 16 conference with Magistrate Ricardo on March 6, 2025, regrettably, there was no discussion of simplifying the issues, eliminating frivolous claims or defenses, stipulations to avoid unnecessary proof or any other matter that might streamline discovery. *See* Fed. R. Civ. P. 16(b), (c). The Plaintiff believes that given the simplicity of this case, the irrefutable evidence in its possession and the facial invalidity of the affirmative defenses, allowing unfettered discovery is an invitation to pointless motion practice, delay and expense.

    There is no requirement that any discovery take place before summary judgment is decided, and none is needed here. *See* Fed. R. Civ. P. 56(b). The Borrower acknowledges it has not made any payments on its mortgage loan in over a year. (ECF 57, ¶ 58). The Guarantor's liability springs

# VENABLE LLP

March 26, 2025
Page 2

from Borrower's failure to comply with "Cash Management Procedures", as demonstrated by its transfer of $700,000 from the property's operating account following default. If the Defendants contend these events did not occur, or that they are somehow not defaults, they can explain their position to the Court under Rule 56(d) and further explain why discovery is required to prove their case.

As it stands, the Defendants have articulated only two defenses of any substance. First, Defendants challenge the Court's subject matter jurisdiction, specifically on the question of diversity. However, Delaware law requires that every limited liability company maintain a record of its members and their addresses. 6 Del. C. § 18-305(h). The Defendants allude to the possibility that members could have transferred their interests, but the controlling Operating Agreement provides that any such transfer without the prior written consent of Mr. Rothman is *void ab initio*. Accordingly, as a matter of law, the Defendants already possess all information necessary to address the diversity issue.

Second, Defendants claim that they were asked to sign blank signature pages and did not agree to the terms of the Loan (ECF 57, pp. 12-13). However, the Defendants' attorney provided an opinion letter at closing confirming that he had reviewed fully executed versions of the loan documents and that each was a duly executed, enforceable obligation of the Borrower and/or Guarantor, as applicable. As with diversity jurisdiction, it appears the Defendants have asserted this affirmative defense without so much as reviewing their own file or consulting their closing attorney.

In sum, allowing unrestrained discovery at this time is likely to be pointless, time consuming and expensive. Conversely, requiring the Defendants to justify discovery pursuant to F.R.C.P. 56(d) costs nothing and will, at a minimum, greatly narrow the legitimately disputed issues.

Very truly yours,

Brent W. Procida

66254178

cc: All counsel of record (via ECF)

The request is denied. To the extent that Plaintiff is objecting to Judge Ricardo's March 6, 2025, order regarding discovery, the objection is overruled as untimely. *See* Fed. R. Civ. P. 72(a). To the extent that Plaintiff is making a separate application for a stay of discovery, that request is denied without prejudice and should be made to Judge Ricardo, who is supervising general pretrial matters in this case.

SO ORDERED
April 1, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge