UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, as Trustee for the benefit of Registered Holders of BBCMS Mortgage Trust 2022-C15 Commercial Mortgage Pass-Through Certificates, Series 2022-C15, acting by and through its special servicer, Rialto Capital Advisors, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AEVRI SALINA MEADOWS LLC; HAWTHORNE PROPERTY SERVICES, LLC; and MOSHE ROTHMAN,<br><br>    Defendants. | Civil Action No. 1:23-cv-08824-JPC-JLC<br><br>**Oral Argument Requested** |

### DECLARATION OF MOSHE ROTHMAN IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

MOSHE ROTHMAN declares as follows under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am a Defendant in this action and I am the ultimate managing member of Defendant Aevri Salina Meadows LLC ("Aevri"). I make this declaration in opposition to Plaintiff's motion for summary judgment and in support of Defendants' request, pursuant to Federal Rule of Civil Procedure 56(d), for discovery of facts in Plaintiff's, BMO's, and third parties' possession to oppose summary judgment.

1

2. When Aevri sought a loan for its acquisition of the building at issue in this action, I had a business partner, Eli Puretz. Mr. Puretz was responsible for arranging the transaction, as well as supervising the property manager for the project, and he maintained a number of Aevri's books and records. Mr. Puretz later engaged in a number of erratic actions that have led to litigation between me and him, including altering, manipulating, or falsifying certain records, including falsifying transfers of membership interests, filing unauthorized tax returns for certain entities, and impersonating me via a false email address. To date, I am unsure of the full scope of Mr. Puretz's misconduct.

3. Negotiations took place principally between Aevri's attorney, Mr. Book, and BMO's lawyers at Katten. I was never given a binder of the purportedly-final versions of the documents.

4. I have no recollection whatsoever of reviewing or signing a personal guaranty for the loan on this property and, until this lawsuit was filed, I believed that the loan for this property did not involve a guaranty. I note that the purported personal guaranty conspicuously lacks any sort of notarization or witness to the execution of that document, and, while what appears to be my signature appears at the end, it is a free-standing signature on a page that has a different footer to the rest of the document. I thus believe that, even if this signature page was among the pile of signature pages I was asked to sign in blank, I did not authorize its application to the purported Guaranty.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

April 16, 2025

    /s/ Moshe Rothman (with permission)    
MOSHE ROTHMAN