

750 E. PRATT STREET   SUITE 900   BALTIMORE, MD 21202
T 410.244.7400   F 410.244.7742   www.Venable.com

May 7, 2025

t 410.244.7862
f 410.244.7742
BWProcida@Venable.com

**VIA ECF**

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

    Re:   *Wilmington Trust, National Association v. Aevri Salina Meadows LLC et al.*,
          Case No. 1:23-cv-08824-JPC-JLC

Dear Judge Cronan:

    This office represents Plaintiff in the above-referenced case. I write in response to the May 2, 2025 letter from Defendants requesting a pre-motion conference concerning their anticipated motion for sanctions and/or to strike the declaration of Michael Strickland supporting Plaintiff's motion for summary judgment. The Court should reject this effort at distraction. Mr. Strickland is a business records declarant, not a critical fact witness, and the Plaintiff remains willing to produce him on a mutually agreeable date. The Defendants were aware of his unavailability on April 10 and failed to pursue other, more effective means of discovering the information they mistakenly claim to be critical. Further, the parties have recently agreed on a mediator (Hon. Steven M. Gold (Ret.)). A sanctions motion, if allowed to proceed, will chill any prospect of settlement.

    Plaintiff's proposed motion depends on the premise that Michael Strickland is a "key declarant." Def. Ltr. at 1, 2. In particular, Defendants claim Mr. Strickland's deposition is necessary to ask about the policies of BMO (the Original Lender) and its handling of the Loan Documents prior to their assignment to the Plaintiff. Id. at 2-3. However, as an assignee of the Loan, neither the Plaintiff nor its servicers have any direct knowledge of the Original Lender's policies and procedures.

    Moreover, knowledge of BMO's policies is irrelevant. Documents created by another entity are admissible as business records "if witnesses testify that the records are integrated into a company's records and relied on in its day to day operations." *United States v. Jakobetz,* 955 F.2d 786, 801 (2d Cir. 1992). Courts of this district recognize that Loan Documents are frequently assigned and are not "the type of evidence that is so susceptible to fabrication that authentication by a representative of [the equity creating the documents] should be required." *Wilmington Tr., Nat'l Ass'n, as Tr. v. 31 Prince St., LLC,* 2023 WL 3647397 at *7 (S.D.N.Y. May 25, 2023) (J. Koeltl).

Hon. John P. Cronan
May 7, 2025
Page 2

      Even if Mr. Strickland were the critical witness imagined by the Defendants, their request is meritless. On April 4, 2025, Plaintiff told Defendants that (1) Mr. Strickland was not available on April 10, but that (2) Plaintiff would work cooperatively to find a mutually agreeable date following Plaintiff's document production. Plaintiff made this proposal because the Defendants had not yet provided (and still have not provided) 30(b)(6) topics, reserved the right to conduct a second deposition of Mr. Strickland after review of the documents, and the Case Management Plan allows depositions through July 7, 2025.

      Defendants ignored this proposal in favor of proceeding with an April 10 deposition—two days before Easter/Passover weekend, and months before the relevant deadline—of a witness who they knew was not available and would not have the information they claim to need. Defendants' decision to proceed with a deposition it knew would not occur does not justify any relief, much less sanctions. *Rauch Indus., Inc. v. David Strand Designs, LLC*, 2011 WL 1560822, at *1 (S.D.N.Y. Apr. 25, 2011) (No sanctions are warranted in this case because any injury to Rauch was self-inflicted. Prior to the time that Mr. Tamkin commenced traveling to the deposition, he had received unequivocal notice that Mr. Strand would not be attending. Rather than cooperating in an effort to reschedule or contacting the court to seek a ruling, counsel chose to force the issue. By doing so, he assumed the risk that Mr. Strand would not appear.").[1]

      Defendants also failed to pursue other available means of discovery. A party legitimately concerned with Rialto's ability to authenticate documents could have served interrogatories under L.R. 33.3(b), requests for admission and/or a deposition upon written questions on March 6, which Plaintiff would have been compelled to answer well in advance of the deadline to oppose summary judgment. Similarly, a party concerned with BMO's policies and the events at closing could have

---

[1] For similar reasons, the cases cited by Defendants are off point. Those decisions involve either serial efforts to avoid depositions throughout the discovery period or the blatant disregard of a Court order. *United States v. M/Y Amadea*, 2025 WL 754685, at *3 (S.D.N.Y. Mar. 10, 2025) (noting "long and tortured history" in efforts to obtain deposition, including extensions of discovery period and non-compliance with court orders); *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 309 (S.D.N.Y. 2015) (striking declaration where declarant, after close of discovery, "fail[ed] to appear for a duly noticed deposition [and] fail[ed]to reschedule the same"); *Vilella v. Pup Culture LLC*, 2023 WL 7986562, at *3 (S.D.N.Y. Nov. 17, 2023) (disregarding declarations where "the Court gave Defendants the choice of either having the declarations considered and making the declarants available for deposition or withdrawing the declarations until discovery. Defendants chose the latter."); *Gillum v. Baxton*, 2016 WL 628796, at *2 (S.D. Ill. Feb. 17, 2016) ("the Court has disregarded the affidavit of Rodderick Lewis, which it excluded as a sanction for Lewis's failure to attend his deposition as ordered by the Court."). None of those facts are present here.



Hon. John P. Cronan
May 7, 2025
Page 3

served subpoenas on BMO, the closing attorneys, and the title company.  The Defendants, however, did none of these things, and still have not done them.

Indeed, Defendants' main complaint seems to go to the admissibility of the Loan Documents at trial.  But the law is clear in this Circuit that Plaintiff need not meet that standard at summary judgment.  *Smith v. City of New York*, 697 F.App'x 88, 89 (2d Cir. 2017) ("[M]aterial relied on at summary judgment need not be admissible in the form presented to the district court ... so long as the evidence in question will be presented in an admissible form at trial.").

Finally, the Defendants' contention that Plaintiff has "effectively granted itself [a discovery] stay" [Ltr. at 1] is demonstrably false.  To date, Plaintiff has served written answers and nearly 12,000 pages of documents in response to the Defendants requests for production and voluntarily provided extensive financial information to Defendants' lawyers.

Based on the above, Defendants' request should be denied without a pre-motion conference and/or a briefing schedule.  In the alternative, however, Plaintiff respectfully submits that the Court should deny this motion without prejudice unless after its decision on summary judgment, at which time the Court will be better able to determine which of these parties has acted in bad faith.

                                                    Respectfully submitted,

                                                    */s/ Brent W. Procida*

                                                    Brent W. Procida

cc:     All counsel of record (via ECF)