UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, as Trustee for the benefit of the Registered Holders of BBCMS Mortgage Trust 2022-C15 Commercial Mortgage Pass-Through Certificates, Series 2022-C15, acting by and through its special servicer, Rialto Capital Advisors, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>AEVRI SALINA MEADOWS LLC; HAWTHORNE PROPERTY SERVICES, LLC; and MOSHE ROTHMAN,<br><br>        Defendants. | Case No.: 1:23-cv-08824<br><br>Hon. John P. Cronan |

## DECLARATION OF BRENT W. PROCIDA

I, Brent W. Procida, an attorney duly admitted to practice law in the State of New York, hereby declare as follows under the penalty of perjury and pursuant to 28 U.S.C. § 1746:

1. I am an attorney admitted to practice before this Court and a partner at the law firm Venable LLP, attorneys for the above-captioned Plaintiff Wilmington Trust, National Association, as Trustee for the benefit of the Registered Holders of BBCMS Mortgage Trust 2022-C15 Commercial Mortgage Pass-Through Certificates, Series 2022-C15, acting by and through its special servicer, Rialto Capital Advisors, LLC, in this action.

2. Exhibit 1 hereto is a true and complete copy of the Verified Amended Complaint filed in the matter of *Rothman, et al. v. Puretz*, Index No. 2023001856 in the Supreme Court for Monroe County, NYSCEF No.143, verified by Moshe Rothman.

3.  <u>Exhibit 2</u> is a true and complete copy of an email from Mr. Rothman to the Plaintiff's master servicer, among others, filed by Moshe Rothman as an exhibit in *Rothman v. Puretz*.

4.  <u>Exhibit 3</u> is a true and complete copy of a January 29, 2024, letter sent to me by counsel including an accounting of all rents received by Aevri Salina Meadows, LLC ("Borrower") in 2023.

5.  The Defendants' pleadings in Opposition to Summary Judgment [ECF 71-74] and the Declaration of Nathan Kritzer in particular [ECF 73] contain numerous misleading half-truths and outright misrepresentations which, although of limited relevance, cannot be left unchallenged.

6.  First, Mr. Kritzer repeatedly claims that he asked me for corresponding evidence of the Guaranty by email on October 3, 2023 and insinuates that I wrongfully withheld such information.

7.  The October 3, 2023, email attached to Mr. Kritzer's Declaration concerns the Defendants' "Conditional Assignment of Management Agreement", not the Guaranty.

8.  It is, nevertheless, convenient that Mr. Kritzer attached the entire email string because it definitively establishes counsel's notice of and failure to address the Defendants' flagrant disregard of the Cash Management Procedures. *See* ECF 73-1 p.3.

9.  Second, while it is true that Mr. Kritzer unilaterally noticed a deposition for April 10, he fails to inform the court that he also (i) did not provide 30(b)(6) topics despite my repeated requests; and (ii) reserved the right to depose Mr. Strickland a second time following production of documents.

10. Third, Mr. Kritzer falsely claims that the receiver, William Colucci, refused to appear for deposition. In fact, Mr. Kritzer has never served Mr. Colucci with a subpoena or even called him to obtain information. *See* Colucci Decl. ¶¶ 2-6.

11. Fourth, Mr. Kritzer falsely claims he has yet to receive a response to inquiry as to whether the records of BMO are in the Plaintiff's possession, custody or control. Plaintiff's written response to requests for production (which are attached to Mr. Kritzer's declaration), state plainly that the Plaintiff has no access to BMO's documents.

12. Fifth, Mr. Kritzer claims that the Defendants lack sufficient records to oppose the Motion, but they had no difficulty producing comprehensive records of rental receipts in response to my letter demanding an accounting (Exhibit 3) and their own property manager still possesses all of the pre-receivership records. Colucci Decl. ¶ 6..

13. Sixth, the Defendants falsely claim that the opinion letter of Mordechai Book identifies "Aevri Salina Meadows SPE, LLC" as the Borrower. The Borrower is accurately identified as Aevri Salina Meadows, LLC.

14. Sixth, the Defendants correctly, but misleadingly claim that in one instance the Book Opinion identifies "Citi Real Estate Lending, Inc." ("Citi") as the "Lender."

15. However, they fail to inform the Court that the "Lender" is correctly identified as the "Bank of Montreal" in the address, the subject line and the header of every page, and that the mistaken reference to Citi is a typo resulting from the near simultaneous closing of a loan from Citi to another Rothman entity. Strickland Decl. Ex. 1, Procida Decl. Ex. 4.

16. Given Mr. Kritzer's assertion that he has been speaking with Mr. Book since August 2023, and his representation of Aevri Arlington Green, LLC in the foreclosure of the Citi loan, this reason for this typo is undoubtedly known to the Defendants.

66655315

17.  <u>Exhibit 4</u> is a true and complete copy of the Loan Agreement between Citi and Aevri Arlington Green, LLC dated February 17, 2022, filed in the Circuit Court for Cook County, Illinois under as an exhibit in case no. 2023CH08431.

18.  The Citi Loan Agreement defines the "Guarantor" as Moshe Rothman and provides full recourse liability if the "Borrower fails to comply with any Cash Management Provisions or fails to appoint a new property manager upon the request of Lender…". <u>Exhibit 4</u>, § 13.1(b).

19.  The material terms of Citi loan are ***word for word identical*** to those of the Salina Meadows Loan, casting further doubt on the already unbelievable story that the Defendants were unaware of the Loan terms or the existence of the Guaranty at execution, and have no memory of them now.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 7, 2025.

_____
Brent W. Procida

66655315