**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, as Trustee for the benefit of the Registered Holders of BBCMS Mortgage Trust 2022-C15 Commercial Mortgage Pass-Through Certificates, Series 2022-C15, acting by and through its special servicer, Rialto Capital Advisors, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AEVRI SALINA MEADOWS LLC; HAWTHORNE PROPERTY SERVICES, LLC; and MOSHE ROTHMAN; and NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, <br><br> Defendants. | Case No.: 1:23-cv-08824-(JPC) <br><br> Hon. John P. Cronan |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND RELATED
RELIEF**

Gregory A. Cross
Brent W. Procida
VENABLE LLP
750 E. Pratt Street
Suite 900
Baltimore, Maryland 21202
Tel.: (410) 244-7400
Fax: (410) 244-7742
gacross@venable.com
bwprocida@venable.com

Adam G. Possidente
151 W. 42nd Street
New York, New York 10036
Tel.: (212) 307-5500
Fax: (212) 307-5598
apossidente@venable.com

*Counsel for Plaintiff*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED ..................3

I. Plaintiff Has Established Its Prima Facie Entitlement to Summary Judgment for Foreclosure ..................................................................................................................3

    A. Standing. ..........................................................................................................3

    B. The Loan Documents. ......................................................................................4

    C. Default. .............................................................................................................6

II. Plaintiff Has Established Its Prima Facie Entitlement to Partial Summary Judgment on the Guaranty Claim ..................................................................................6

III. Diversity Jurisdiction is Established. ..........................................................................8

IV. The Defendants' Do Not Specifically Deny any Allegation. ......................................9

V. The Defendants' Have Not Demonstrated a Need for Discovery Under Rule 56(d) .............................................................................................................................9

CONCLUSION ............................................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cincinnati v. PE Alms Hill Realty LLC*,
  2023-Ohio-2784 (Court of Appeals, Hamilton Co, 2023) ............................................................. 1

*District of Columbia v. Murphy*,
  314 U.S. 441, 62 S.Ct. 303, 86 L.Ed. 329 (1941) ......................................................................... 8

*Greystone Bank v. Skyline Woods Realty, LLC*,
  817 F. Supp. 2d 57 (N.D.N.Y. 2011) ........................................................................................ 7, 8

*Gualandi v. Adams*,
  385 F.3d 236 (2d Cir. 2004) ........................................................................................................ 9

*OneWest Bank, N.A. v. Melina*,
  827 F.3d 214, 223 (2d Cir. 2016) ................................................................................................ 4

*Smith v. City of New York*,
  697 F.App'x 88 (2d Cir. 2017) .................................................................................................... 5

*United States v. M/Y Amadea*,
  2025 WL 754685 (S.D.N.Y. Mar. 10, 2025) ............................................................................... 5

*Wells Fargo Bank, N.A. as Tr. v. PF Allied Gardens LLC*,
  2024 WL 664890 (E.D. Ark. Feb. 16, 2024) ............................................................................... 2

*Wells Fargo Bank, Nat'l Ass'n as Tr. for Benefit of Holders of
  CD 2018-CD7, Mortg. Tr. Com. Mortg. Pass-Through Certificates, Series
  2018-CD7 v. Prince 26, LLC*, 2023 WL 5152420 (S.D.N.Y. Aug. 10, 2023) (J.
  Englemeyer) ............................................................................................................................. 4, 5

*Wilmington Tr., Nat'l Ass'n, as Tr. for Benefit of Registered Holders of Wells
  Fargo Com. Mortg. Tr. 2018-C44, Com. Mortg. Pass-Through Cerificates,
  Series 20 v. 31 Prince St., LLC*,
  2023 WL 3647397 (S.D.N.Y. May 25, 2023) (J. Koeltl) ............................................................ 5

*Wilmington Tr., Nat'l Ass'n as Tr. for Registered Holders of Wells Fargo Com.
  Mortg. Tr. 2015-NXS2, Com. Mortg. Pass-Through Certificates, Series 2015-
  NXS2 v. Winta Asset Mgmt. LLC*,
  2022 WL 2657166 (S.D.N.Y. July 8, 2022) (J. Koeltl) .............................................................. 4

**Statutes**

18 U.S.C. § 1344 .................................................................................................................................. 2

62426116

## **TABLE OF AUTHORITIES (cont'd)**

Page(s)

**Court Rules**

Fed. R. Civ. P. 56 ................................................................................................................9

Rule 56(c) ............................................................................................................................4

Rule 56(d) ...........................................................................................................................9

Rule 56.1(c) .........................................................................................................................9

Rule 803(6) .........................................................................................................................5

62426116

**PRELIMINARY STATEMENT**[1]

Because the Defendants blame much of the wrongdoing in this case on Moshe Rothman's business partner, Chaim ("Eli") Puretz, the Court should understand that as this matter pertains to Mr. Puretz, Mr. Rothman is a co-conspirator, not a victim. In his verified complaint against Mr. Puretz, Mr. Rothman describes their investment partnership as follows:

> Broadly speaking, Mr. Puretz proposed that he would do much of the initial legwork, including identifying properties to acquire and serving as asset manager for the properties, while Mr. Rothman would serve as the sponsor and the ultimate managing member of the LLCs. ***Mr. Rothman and Mr. Puretz agreed that they would share profits from these investments. Mr. Puretz, however, wanted to keep his own name out of the LLC agreements*** and took neither a managing member role nor a membership interest in any of the LLCs. The agreement to share profits between him and Mr. Rothman was personal and informal.[2]

The Loan Agreement in this case represents and warrants that (i) no "action, suit, proceeding, or governmental investigation… is pending, threatened or contemplated" against "Borrower, Sponsor or Guarantor" and (ii) no "Borrower Party" is or has ever been obligated on a defaulted loan. ECF 63-5 §§ 3.3, 3.5(d). Mr. Purtez recently pled guilty to felony mortgage fraud, and while it is unknown when the investigation leading to his conviction began, published decisions establish that numerous judgments had been issued against Mr. Purtez on loan guaranties prior to the closing of this Loan.[3]

---

[1] Capitalized terms not otherwise defined herein have the definitions in Plaintiff's moving brief (ECF No. 69). Borrower's opposition (ECF No. 76) is referred to herein as the "Opposition" or "Opp."

[2] *Rothman et al. v. Puretz*, Supreme Court, Monroe County, Index no. 2023001856, NYCEF Doc. no 143, ¶ 30. A full copy of the Amended Complaint is attached to the Procida Declaration dated May 7, 2025 ("Procida Decl.") as <u>Exhibit 1</u>.

[3] *See. e.g., Cincinnati v. PE Alms Hill Realty LLC*, 2023-Ohio-2784, ¶ 1 (Court of Appeals, Hamilton Co, 2023) ("Defendant-appellant Chaim Puretz guaranteed loans for several corporate entities that owned and managed residential rental properties. When those properties were declared public nuisances, Puretz was ultimately held individually liable for recourse on

As a founding investor with managerial authority and a right to share profits, Mr. Puretz is a "Sponsor" and "Borrower Party" in all but name and there is no reason to exclude him from the LLC agreements *other than to conceal his participation from the lenders*.  Seen in this light, the "personal and informal" agreement between Mr. Rothman and Mr. Puretz appears to be a textbook "scheme or artifice" to obtain credit "by means of false or fraudulent pretenses" in violation of 18 U.S.C. § 1344.

Nevertheless, regardless of how Mr. Puretz's involvement is characterized, it does not provide a defense. The Opposition alleges in sum that (i) Moshe Rothman signed the Loan Documents in blank; (ii) he does not remember signing the Guaranty, and (iii) the Defendants need to depose Plaintiff's declarant, Michael Strickland.  While the Defendants succeed in repeating these incantations over and over, they fail to explain their relevance to any viable defense.

What is the Defendants' theory of the case?  That the Original Lender secretly altered the Loan Documents after they were signed in blank?  Then why isn't this alleged directly, and where are the letter of intent, loan application and other correspondence the Defendants would invariably have showing the intended terms?  Do they believe the Loan was not actually assigned to the Plaintiff?  Then why did the Defendants pay and correspond with the Plaintiff without question for over a year, and why hasn't the Original Lender demanded payment?  And how do they explain the notarized, recorded assignments?

---

the loans."); *Wells Fargo Bank, N.A. as Tr. v. PF Allied Gardens LLC*, 2024 WL 664890, at *4 (E.D. Ark. Feb. 16, 2024) ("Summary judgment is granted on Wells Fargo's breach of guaranty claim against Puretz because Puretz guaranteed the entire amount due under the Loan…").

Even the centerpiece of the Defendant's alleged irregularities – the distinct footer on the signature page of the Guaranty – argues in favor of summary judgement. The Defendants disingenuously fail to tell the Court that this footer, while different, says "**Guaranty of Recourse Obligations – Salina Meadows**". ECF 63-6, p. For all of these reasons and those set forth *infra*, this matter is ripe for summary judgment regardless of the state of discovery.

<u>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT SHOULD BE GRANTED</u>

**I.   Plaintiff Has Established Its Prima Facie Entitlement to Summary Judgment for Foreclosure**

   **A.   Standing.**

The evidence submitted in support of Plaintiff's Motion establishes the existence of the Loan, assignment to the Plaintiff, and the Defendants' defaults. *See* SUMF ¶¶ 1-9, 19-26. The Loan Documents are all attached to the Complaint, authenticated by Michael Strickland, and in the case of the Mortgage, ALR and assignments, are self-authenticating matters of public record subject to the hearsay exception for documents affecting an interest in property. Federal Rule of Evidence ("FRE") 803(14), 902(1). Additional evidence of their validity can be found in the Defendants' acknowledgment that they performed under the Loan Documents for nearly a year (ECF 74 ¶¶ 26, 30), made payments to and corresponded with the Plaintiff as assignee (Procida Decl., Ex. 2), and in the description of the Loan in trust documents on file with the Securities and Exchange Commission ("SEC"). Supplemental Declaration of Michael Strickland dated May 2, 2025 ("Strickland Decl.") at ¶¶ 1-3.

In case of any doubt regarding the Plaintiff's standing, the Plaintiff has provided a supplemental declaration from Mr. Strickland stating unambiguously that the Plaintiff was in possession of the original Note at all times during this case, and that the Allonge is firmly affixed to

the Note by staple.  Strickland Decl. at ¶ 8.[4]  *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 223 (2d Cir. 2016) ("New York courts have repeatedly held that proof of physical possession—such as the affidavits of OneWest's corporate representative and counsel in this case—is sufficient on its own to prove a plaintiff's standing to foreclose on the mortgage associated with the note.").  Moreover, New York courts have also held that an assignment of mortgage referencing the related note is sufficient evidence of assignment of the note.  *Wilmington Tr., Nat'l Ass'n as Tr. for Registered Holders of Wells Fargo Com. Mortg. Tr. 2015-NXS2, Com. Mortg. Pass-Through Certificates, Series 2015-NXS2 v. Winta Asset Mgmt. LLC*, 2022 WL 2657166, at *6 (S.D.N.Y. July 8, 2022) (J. Koeltl) ("The plaintiff has produced documentary evidence demonstrating that the plaintiff is the assignee of the Note by virtue of assignments of the Mortgage, which reference the underlying Note.").

### B. The Loan Documents.

The authenticity and admissibility of the remaining Loan Documents are similarly established by Mr. Strickland's attestation that Rialto "creates, receives, and maintains records, including the exhibits attached to the Complaint and the Motion, in the regular course of the Special Servicer's business activities on behalf of the Plaintiff" and that "records obtained from BMO are incorporated into Rialto's records and relied upon by Rialto in performing its duties as Special Servicer."  Strickland Decl. ¶¶ 6, 7.  He further attests that he is "familiar with Rialto's record-keeping practices and procedures," conducted a "review of the business records of Plaintiff, maintained by Special Servicer, regarding Borrower," that "all of the exhibits were received, created, or otherwise generated at or near the dates reflected," and that the exhibits "are true and correct copies of the corresponding documents in Plaintiff's business records in Rialto's custody and control."  ECF 63 ¶¶ 1, 2.

---

[4]  The Court is free to consider this supplement information pursuant to Rule 56(c).

The Courts of the Southern District of New York regularly grant summary judgment on the basis of virtually identical declarations from special servicers enforcing securitized loans. *Wells Fargo Bank, Nat'l Ass'n as Tr. for Benefit of Holders of CD 2018-CD7, Mortg. Tr. Com. Mortg. Pass-Through Certificates, Series 2018-CD7 v. Prince 26, LLC*, 2023 WL 5152420 (S.D.N.Y. Aug. 10, 2023) (J. Englemeyer); *Wilmington Tr., Nat'l Ass'n, as Tr. for Benefit of Registered Holders of Wells Fargo Com. Mortg. Tr. 2018-C44, Com. Mortg. Pass-Through Cerificates, Series 20 v. 31 Prince St., LLC*, 2023 WL 3647397 (S.D.N.Y. May 25, 2023) (J. Koeltl).

The Defendants' objection that Mr. Strickland has no knowledge of BMO's procedures is irrelevant. The courts of this district recognize that Loan Documents are not "the type of evidence that is so susceptible to fabrication that authentication by a representative of [the entity creating the documents] should be required." *Prince 26, LLC*, 2023 WL 5152420 at *7, *citing United States v. Jakobetz,* 955 F.2d 786, 801 (2d Cir. 1992) ("Rule 803(6) allows business records to be admitted if witnesses testify that the records are integrated into a company's records and relied upon in its day to day operations.").

Finally, Plaintiff is not required to provide admissible evidence on a motion for summary judgment. It need only show that the evidence presented "would be admissible at trial". *31 Prince St., LLC*, at *3, *citing Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 57 (2d Cir. 2012); *Smith v. City of New York*, 697 F.App'x 88, 89 (2d Cir. 2017) ("[M]aterial relied on at summary judgment need not be admissible in the form presented to the district court ... so long as the evidence in question will be presented in an admissible form at trial."). Here, unless the Court believes despite all of the corroborating evidence that ***no one*** would be available to authenticate the documents at trial, the

Court is free to consider them on summary judgment. *Prince 26, LLC*, 2023 WL 5152420, at *7 (S.D.N.Y. Aug. 10, 2023).[5]

### C. Default.

The Defendants admit no payments have been made on the Loan since July 3, 2023, and do not specifically deny any other default. ECF 73, ¶ 26. Further, the email attached to Mr. Kritzer's declaration acknowledges receipt of the acceleration notice and an inability to pay. ECF 73-1, p. 3. No further evidence is required.

### II.   Plaintiff Has Established Its Prima Facie Entitlement to Partial Summary Judgment on the Guaranty Claim.

The Guaranty is authenticated and admissible as one of the Loan Documents and, to state the obvious, Mr. Rothman's convenient and incredible lack of memory is not a defense. His own attorney certified at closing that the Guaranty was duly executed and enforceable.[6] The signature page Mr. Rothman claims to have signed in blank states in the footer "Guaranty of Recourse Obligations – Salina Meadows", and documents on file with the SEC confirm the inclusion of the Guaranty with the Loan Documents. Strickland Decl. ¶ 3.

The Defendants' failure to comply with the "Cash Management Provisions" is conclusively established by bank records showing the diversion of rents from the Restricted Account (also referred to as a "Lockbox") and the letter directing tenants to deposit rent in a separate account. ECF 63-11; 65-1. Mr. Rothman also acknowledges diverting rent from the

---

[5] The Defendants misrepresent the holding of *United States v. M/Y Amadea*, 2025 WL 754685, at *5 (S.D.N.Y. Mar. 10, 2025) ("A party cannot rely on inadmissible hearsay in **opposing** a motion for summary judgment ... **absent a showing** that admissible evidence will be available at trial.") (emphasis supplied, internal quotations omitted).

[6] The reference in the Book Opinion to Citi Real Estate Finding Inc. as "Lender" is an obvious typographical error resulting from Mr. Rothman closing multiple loans on consecutive days. Strickland Decl. ¶ 9, Ex. 1. In any event, the "Lender" is correctly identified in the address, subject line, and header of every page. ECF 63-14. Moreover, the Citi loan documents are effectively identical to the documents in this case, undercutting any claim of ignorance or surprise. Procida Decl., Ex. 4.

Lockbox in an email filed in his litigation against Mr. Puretz:

> When my current asset manager, Madison Properties, assumed responsibility for asset management, we did not appreciate that there was a lockbox in place. It is our desire and intent to deliver full compliance.

Procida Decl., Ex. 2.

Despite this alleged intent, shortly after this email the Defendants terminated all use of the Lockbox and failed to comply with the Cash Management Provisions even after repeated written demands. SUMF ¶¶ 29-34.

Counsel's email to Mr. Kritzer dated August 18, 2023, is particularly clear:

> Concerning cash management, as detailed in my letter to you dated August 8, 2023, the Borrower's obligations are simple. Every dollar generated by the property, without exception, must be deposited into restricted account no. 1504652609 at Signature Bank within 2 days of receipt. There are no forms presently required, and insofar as the Borrower at least partially complied with this obligation for a short time following origination of the Loan, compliance should not be any mystery.

ECF 73-1. Despite these demands and instructions spanning multiple years, the Defendants ***never deposited a single dollar into the Lockbox*** after October 2022 and make no effort to argue otherwise.[7]

Rothman's defense is based primarily, and perhaps exclusively, on *Greystone Bank v. Skyline Woods Realty, LLC*, 817 F. Supp. 2d 57, 59 (N.D.N.Y. 2011). However, the distinctions between *Greystone* and the current case leap off the page. In *Greystone*, the defendant guarantor alleged:

- He had no recollection of signing a personal guaranty;
- The lender admitted in conversation no personal guaranty existed;

---

[7] Mr. Rothman also does not contest the Defendants' refusal to change property managers on demand following default – a wholly independent full recourse trigger. SUMF ¶¶ 35-39.

- The guaranty was not witnessed or acknowledged;

- Prior to origination the issue of a personal guaranty was raised and rejected;

- None of the other loan documents referred to the guaranty; and

- "The personal guaranty had what appears to be [the defendant's] signature but it is free-standing in the sense that it is on an isolated page."

*Greystone*, 817 F.Supp.2d. at 64.

Here, with the exception of Rothman's convenient lack of recall, not one of the *Greystone* factors is present. No one from the Plaintiff suggested the absence of a Guaranty. Mr. Rothman's own attorney has confirmed he authorized the Guaranty and that it is duly executed and enforceable. There is not even a naked, unsubstantiated allegation that Mr. Rothman rejected a personal guaranty prior to origination. The Mortgage, which is publicly recorded, refers to and incorporates the Loan Agreement, which in turn defines the "Guarantor" as Moshe Rothman, references the Guaranty 10 times **and the Guarantor 50 times**.

In sum, the Defendants do not deny instructing the tenants to circumvent the Lockbox, do not allege any subsequent compliance with the "Cash Management Provisions", and do not allege any compliance with the Plaintiff's demand to change managers. Accordingly, full recourse is established.[8] Further, the documents prove that Mr. Rothman was directly responsible for these breaches. Procida Decl., Ex. 2; ECF 63-13.

### III. Diversity Jurisdiction is Established.

Plaintiff has provided admissible real property records showing the residential address of each of the members. SUMF ¶¶ 40-53. The Defendants argue that proof of address is not evidence of citizenship, but the law says otherwise. *District of Columbia v. Murphy*, 314 U.S.

---

[8] Defendants also make no effort to contest the Plaintiff's entitlement to an equitable accounting or to explain the $700,000 of checks made payable to "Aevri Salina Meadows" following default. SUMF ¶ 33-36.

441, 455, 62 S.Ct. 303, 309, 86 L.Ed. 329 (1941). In opposition, the Defendants offer only an inadmissible screen shot from a linkedin profile which is insufficient to withstand summary judgment.

IV.     **The Defendants' Do Not Specifically Deny any Allegation.**

In apparent disregard of Rule 56.1(c)'s requirement that each allegation be "specifically denied and controverted," the Defendants do not specifically deny anything. Instead, they "dispute the authenticity" of the Loan Documents and in the case of the Guaranty claim that "Mr. Rothman does not recall signing a Guaranty for this project." These are hardly specific denials. If the Defendants contend that they did not execute the Loan Documents and Mr. Book falsely certified them as duly executed and enforceable, they were obligated to say so. Having failed to provide specific denials, the Loan Documents should be deemed admitted for purposes of summary judgment.

V.      **The Defendants' Have Not Demonstrated a Need for Discovery Under Rule 56(d)**

Rule 56(d) contemplates discovery if a non-movant "shows by affidavit or declaration that, for specified reasons, it cannot present facts ***essential to justify its opposition***." Fed. R. Civ. P. 56 (emphasis supplied). Courts have interpreted this standard to require a showing of (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful. *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004).

The Defendants fail every one of these tests. Counsel's complaint that he does not have the Loan Documents is nonsense. The Loan Documents were attached to the original complaint and the receivership pleadings in filed in October 2023. The Defendants' assertion that Michael Strickland is "critical witness" is also plainly false. Mr. Strickland is a business records declarant, not a fact witness, and his knowledge of BMO procedures is irrelevant. Further, there is ample

corroborating evidence of the Loan Documents, including the Book Opinion, the parties' course of dealing and the self-authenticating Mortgage, ALR, and Assignments.  Finally, as addressed at length *supra*, the Defendants have not explained how they intend to present a material question of fact concerning a plausible defense.

Nor have the Defendants demonstrated a diligent effort to obtain the information they claim to need.  Mr. Kritzer' s assertion that he has prioritized discovery is, at best, inflated and suggests a lack of both foresight and hindsight.  If the Defendants were legitimately concerned with Rialto's ability to authenticate documents, they could have served interrogatories pursuant to L.R. 33.3(b), requests for admission and a deposition upon written questions on March 6, which Plaintiff would have been compelled to answer well in advance of the April 18 deadline to oppose summary judgment.

Further, the Defendants have known since the outset that Plaintiff is an assignee of this Loan and would not be expected to have any knowledge about the execution of documents in blank or any other closing procedure.  A party serious about obtaining discovery on these issues instead of complaining about the lack of it would have served subpoenas on BMO, the closing attorneys, and the title company immediately.  But Mr. Kritzer did none of these things.[9]  Instead, the Defendants scheduled a deposition for a custodial witness needing to travel from Atlanta shortly before the Passover/Easter holiday, threated to depose him again following receipt of documents, and refused to provide 30(b)(6) topics despite repeated requests.

Nor does Mr. Kritzer seem to have made any effort to obtain information outside the scope of formal discovery.  Mordechai Book *is the Defendants' attorney*.  What is it they need from him

---

[9]  Mr. Kritzer's allegation that he has not been informed if the Plaintiff has possession custody or control over BMO's documents is false.  The Defendants were informed directly in response to their requests for production that the Plaintiff does not have possession, custody or control over BMO's document.  ECF 73-3.

that could not be obtained by declaration? And where is Mr. Kritzer's statement that he asked for this information and was refused? Similarly, Plaintiff obtained its declaration from the receiver by calling and asking. Mr. Kritzer has previously obtained voluminous accounting information from Mr. Colucci for tax purposes, but apparently never bothered to pick up the phone and ask for the any of the records he now claims are "critical". *See* Declaration of William Colucci ("Colucci Decl."), ¶¶ 2-6.

Finally, a great proportion of what the Defendants' claim to need they already have. Mr. Rothman's pleadings against Mr. Puretz and correspondence among counsel demonstrate he had reestablished full control over the Borrower's affairs as of September 2022, long before any payment default. Procida Decl., Exs. 2, 3. Further, the pre-receivership records remain the the possession of the Defendant's manager, Mike Barney. Colucci Decl. ¶ 6. Accordingly, their claim to be without records is either false or self-inflicted. In sum, the Defendants' ignorance, forgetfulness, and failure to use the information available to them is not a justification for discovery.

## CONCLUSION

Plaintiff respectfully requests that the Court: (i) grant the Motion; (ii) dismiss the affirmative defenses; (iii) award Plaintiff its fees and expenses; and (iv) appoint a referee or magistrate judge to compute the amount due under the Loan.

Dated: New York, New York
May 7, 2025

Respectfully submitted,

**VENABLE LLP**

By: */s/ Brent W. Procida*
Gregory A. Cross
Brent W. Procida
750 E. Pratt Street
Suite 900
Baltimore, Maryland 21202
Tel.: (410) 244-7400
Fax: (410) 244-7742
bwprocida@venable.com

Adam G. Possidente
151 W. 42nd Street
New York, New York 10036
Tel.: (212) 307-5500
Fax: (212) 307-5598
apossidente@venable.com

*Counsel for Plaintiff*

## CERTIFICATION OF WORD COUNT COMPLIANCE

Pursuant to Local Civil Rule 7.1(c), I hereby certify that the foregoing Memorandum of Law contains 3,417 words (exclusive of the case caption, table of contents, table of authorities, and signature block), as determined by the word-processing system used to prepare the document.

Dated: New York, New York
May 7, 2025

Respectfully submitted,

**VENABLE LLP**

By: */s/ Brent W. Procida*
Gregory A. Cross
Brent W. Procida
750 E. Pratt Street
Suite 900
Baltimore, Maryland 21202
Tel.: (410) 244-7400
Fax: (410) 244-7742
bwprocida@venable.com

Adam G. Possidente
151 W. 42nd Street
New York, New York 10036
Tel.: (212) 307-5500
Fax: (212) 307-5598
apossidente@venable.com

*Counsel for Plaintiff*