UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, as Trustee for the benefit of Registered Holders of BBCMS Mortgage Trust 2022-C15 Commercial Mortgage Pass-Through Certificates, Series 2022-C15, acting by and through its special servicer, Rialto Capital Advisors, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AEVRI SALINA MEADOWS LLC; HAWTHORNE PROPERTY SERVICES, LLC; and MOSHE ROTHMAN,<br><br>    Defendants. | Civil Action No. 1:23-cv-08824-JPC-JLC<br><br>**Oral Argument Requested** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS FOR MICHAEL STRICKLAND'S NON-APPEARANCE FOR DEPOSITION AND/OR TO STRIKE STRICKLAND'S DECLARATION**

STEPTOE LLP
Nathaniel J. Kritzer
Joseph M. Sanderson
STEPTOE LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 378-7535
nkritzer@steptoe.com
josanderson@steptoe.com

*Attorneys for Defendants Aevri Salina Meadows LLC and Moshe Rothman*

## **TABLE OF CONTENTS**

                                                                                                               **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND ............................................................................................................................ 2

      A.     MR. STRICKLAND'S SUMMARY JUDGMENT DECLARATION IS THE SOLE EVIDENCE OFFERED IN SUPPORT OF REQUIRED ELEMENTS OF PROOF. ................................................................................. 2

      B.     DEFENDANTS SEEK PLAINTIFF'S COOPERATION IN SCHEDULING MR. STRICKLAND'S DEPOSITION, AND PLAINTIFF RESPONDS WITH A BASELESS AND DECEPTIVE REQUEST TO STAY DISCOVERY. ............................................................................ 3

      C.     MR. STRICKLAND'S NO-SHOW FORCES AN EXTRA ROUND OF SUMMARY JUDGMENT BRIEFING AND THIS MOTION. ........................... 5

ARGUMENT ................................................................................................................................. 5

I.      MR. STRICKLAND'S DEPOSITION WAS TIMELY NOTICED, IN THE DISTRICT WHERE PLAINTIFF CHOSE TO FILE SUIT, AND PLAINTIFF NEVER SOUGHT A PROTECTIVE ORDER. ................................................................ 5

II.     MR. STRICKLAND'S DECLARATION OR THE SUMMARY JUDGMENT MOTION SHOULD BE STRICKEN AS A SANCTION FOR HIS NO-SHOW DEPOSITION. ........................................................................................................ 6

III.    DEFENDANTS SHOULD BE AWARDED THEIR COSTS AND FEES. ..................... 9

CONCLUSION .............................................................................................................................. 9

## TABLE OF AUTHORITIES
Page(s)

**Cases**
*City of Perry, Iowa v. Procter & Gamble Co.*,
  No. 15-CV-8051 (JMF), 2017 WL 2656250 (S.D.N.Y. June 20, 2017) .....................................6

*Gillum v. Baxton*,
  No. 12-CV-626-JPG-PMF, 2016 WL 628796 (S.D. Ill. Feb. 17, 2016)....................................7

*New World Sols., Inc. v. NameMedia Inc.*,
  150 F. Supp. 3d 287 (S.D.N.Y. 2015).......................................................................................7

*S.E.C. v. Smart*,
  678 F.3d 850 (10th Cir. 2012) ...................................................................................................7

*Seuthe v. Renwal Prods., Inc.*,
  38 F.R.D. 323 (S.D.N.Y. 1965) .................................................................................................6

*United States v. M/Y Amadea*,
  No. 23 CIV. 9304 (DEH), 2025 WL 754685 (S.D.N.Y. Mar. 10, 2025) ..................................7

*Vilella v. Pup Culture LLC*,
  No. 23-CV-2291 (LJL), 2023 WL 7986562 (S.D.N.Y. Nov. 17, 2023)....................................7

**Other Authorities**

Fed. R. Civ. P. 30................................................................................................................3, 5, 6

Fed. R. Civ. P. 32......................................................................................................................3, 6

Fed. R. Civ. P. 37................................................................................................................. *passim*

Fed. R. Civ. R. 56 .......................................................................................................................2, 8

**PRELIMINARY STATEMENT**

Plaintiff's pending summary judgment motion rests entirely on the declaration of Michael Strickland and exhibits he purports to authenticate. Mr. Strickland's declaration is thus material to Plaintiff's motion (despite Plaintiff's incoherent protestations otherwise). Yet under settled law, his declaration cannot be considered as part of Plaintiff's required *prima facie* summary judgment showing if Defendant, the non-movant, was denied the opportunity to cross examine Mr. Strickland before opposing the motion. That is what happened: Plaintiff's counsel first refused to cooperate to schedule a timely date for his deposition, and Mr. Strickland then no-showed for his duly-noticed deposition. As explained below, the appropriate sanction for this misconduct is to strike Mr. Strickland's declaration and award Defendants their fees in (1) filing this motion and (2) opposing Plaintiff's fundamentally defective attempt to obtain summary judgment through gamesmanship.

Importantly, Plaintiff was twice denied stays of discovery pending the early summary judgment motion it filed. *See* Doc. 67-1 at 16 (directing that discovery proceed pending summary judgment motion); Doc. 70 (denying second request to stay discovery). Unsatisfied with the Court's rulings, Plaintiff elected to help itself to the relief it was denied by refusing to produce Mr. Strickland for examination before Defendants' opposition to the summary judgment motion was due. Nor would Plaintiff agree to any other constructive solution, such as extending the time for Defendants to oppose summary judgment to allow for discovery. Instead, they simply no-showed, forcing Defendants to oppose summary judgment without the opportunity to cross examine Mr. Strickland on the assertions in his declaration.

The net effect of this gamesmanship has been a waste of time and resources that has impeded resolving this case on its merits. Rather than being able to oppose summary judgment

1

with at least the deposition of Plaintiff's principal declarant, Defendants had to write a brief opposing summary judgment based largely on the insufficiency of Plaintiff's evidence and the need for discovery under Rule 56(d). That is, of course, in addition to the time spent attending the non-appearance deposition and litigating this motion.

Under Rule 37(b)(2)(A) and (d)(3), that amply justifies striking Mr. Strickland's declaration, denying the summary judgment motion, and awarding Defendants their costs, including attorneys' fees. Parties simply do not get to skip depositions, especially when they have twice been denied stays of discovery and are concurrently seeking summary judgment based on the declaration of the absent deponent. That is sharp conduct that impedes a merits-based determination of the case and an appropriate sanction should be awarded.

## BACKGROUND

### A. Mr. Strickland's Summary Judgment Declaration Is the Sole Evidence Offered in Support of Required Elements of Proof.

On summary judgment, Plaintiff relies exclusively on the declaration testimony of Michael Strickland, a Senior Vice President of Asset Management at Rialto Capital Advisors LLC, to attempt to lay key elements of its *prima facie* case for summary judgment. (Doc. 63 ¶ 1.)

Mr. Strickland attaches what he claims are the authentic versions of the Loan Documents, including the Note, Mortgage, and Guaranty. Defendants—who never received a closing binder with the purported final documents—have disputed whether these purported agreements actually reflect final terms agreed to by both parties. Aside from the question of whether Mr. Strickland has any knowledge sufficient to support his testimony, there are facial reasons to doubt the authenticity of these documents. For example, most of the pages have a law firm document management system number as the footer, while the signature pages have a different footer. (*Compare* Doc. 63-2 at 2-4, *with id.* at 5; *compare* Doc. 63-3 at 2-16, 20-24, *with id.* at 19; *compare*

Doc. 63-4 at 3-11, *with id.* at 12; *compare* Doc. 63-5 at 2-121, 129-140, *with id.* at 128; *compare* Doc. 63-6 at 2-13, *with id.* at 14.) Also, as pointed out in summary judgment briefing, the attorney letter that Plaintiff emphasizes actually refers to a *different* lender, not to BMO. (Doc. Doc. 63-14 at 2 of 12 (defining "Citi Real Estate Lending, Inc." as "Lender").)

      **B.    Defendants Seek Plaintiff's Cooperation in Scheduling Mr. Strickland's Deposition, and Plaintiff Responds with a Baseless and Deceptive Request to Stay Discovery.**

After Plaintiff moved for summary judgment, Defendants promptly requested deposition dates for Plaintiff's declarants, Messrs. Strickland and Colucci. (Doc. 73 ¶ 5 & Doc. 73-4.) Specifically, on March 25, 2025, Defendants' counsel emailed Plaintiff's counsel as follows: "Please send dates of availability for William Colucci, Michael Strickland, a Rule 30(b)(6) witness for Rialto, and a Rule 30(b)(6) witness for Wilmington Trust." (*Id.*)

Plaintiff did not provide any dates of availability, instead making a direct request to Judge Cronan to stay discovery on March 26, 2025. (Doc. 66 (request for stay).) That request deceptively ***omitted the fact that the Magistrate Judge Ricardo had previously denied exactly such a request***. (*See* Doc. 67.) Judge Cronan denied the request by letter endorsement dated April 1, 2025. (Doc. 70.) And in all events, Plaintiff was on notice as of the preliminary conference held on March 6, 2025 that Defendant would be allowed to "go forward with discovery" and had been urged by the Magistrate Judge to take "targeted discovery that is important for the motion," Doc. 67-1 at 14-16, which obviously includes the deposition of Plaintiff's primary declarant.

On March 27, 2025, having seen that Plaintiff was continuing to take baseless positions to attempt to circumvent Defendants' rights, Defendants served a notice of deposition for Mr. Strickland for an April 10, 2025 deposition at defense counsel's New York office. (Doc. 73-5.) While Rule 30 does not provide for a specific number of days' notice for depositions, Defendants provided more than the 14 days' notice specified in Rule 32(a)(5)(A).

Plaintiff did not promptly object or otherwise respond to the noticed date. Instead, counsel waited over a week to respond, replying on April 4 only after Defendants' counsel asked Plaintiff to confirm Mr. Strickland's availability on April 10. (Doc. 73-7.) In that communication, Plaintiff's counsel asserted, with no explanation whatsoever, that Mr. Strickland was "not available on April 10." (*Id.*) Defendants' counsel responded less than one hour later as follows (*id.*):

> Please send dates for Mr. Strickland immediately. We have been asking for well over a week now and you have refused to give us a single date of availability, instead choosing to make a meritless request for a stay of discovery that ignored the Magistrate Judge's prior order. If you cannot give us a mutually workable date in short order, we will take a nonappearance on April 10 and move for sanctions, including but not limited to negative inferences against your client on its summary judgment motion.

On April 9, 2025, the day before Mr. Strickland's noticed deposition, Plaintiff's counsel replied by letter asserting that it would not produce Mr. Strickland for deposition before June, months after Defendants' summary judgment opposition was due. (Doc. 73-8.)[1]

With no motion for protective order pending, no cooperation from Plaintiff's counsel to set a reasonable date that would allow examination of Mr. Strickland before Defendant had to oppose summary judgment, and with Plaintiff unwilling to conduct "discovery followed by summary judgment briefing in a reasonably paced and orderly fashion," Doc. 73-7 (as Defendants repeatedly proposed), Defendants had no choice but to proceed with the noticed deposition on April 10, 2025.

Having been warned in writing that the deposition would proceed and sanctions would be sought unless Plaintiff offered a reasonable alternative date or procedure (*id.*), Mr. Strickland

---

[1] At no time during these communications did Plaintiff ever claim any logistical difficulty in Mr. Strickland appearing for a deposition in New York, an excuse it belatedly put forward at the pre-motion conference for this motion. Of course, if that were the real issue (as opposed to gamesmanship by Plaintiff), it could have been easily solved in any number of ways. But with Plaintiff having never asserted this concern in extensive correspondence regarding the deposition, it is plainly pretextual.

4

failed to appear for his duly noticed April 10, 2025 deposition. (Doc. 73 ¶ 11, Kritzer Decl. Ex. 1 (non-appearance transcript).)

### C. Mr. Strickland's No-Show Forces an Extra Round of Summary Judgment Briefing and This Motion.

Owing to Plaintiff's sharp conduct, Defendants were forced to oppose summary judgment with no deposition of Plaintiff's primary declarant. (Doc. 71.) Plaintiff has made no offer to cover Defendants' expenses or to mitigate the prejudice to the summary judgment briefing schedule, ultimately resulting in this Court directing a surreply brief once Mr. Strickland is eventually deposed. (5/15/25 Minute Entry.) To date, the additional fees incurred as a result of this time-wasting exercise exceed $75,000, a number that will increase due to the need to brief this motion and the anticipated surreply brief.

### ARGUMENT

Parties are not permitted to refuse cooperation in setting a workable deposition date and then fail to appear for a duly-noticed deposition. That is particularly true here, where the Court *twice* told Plaintiff that discovery would proceed during the pendency of its summary judgment motion. Yet that is what Plaintiff unrepentantly did with Mr. Strickland. This gamesmanship has wasted party and judicial resources that could be directed to the merits. Mr. Strickland's declaration or the motion it supports should be stricken and Defendants should be awarded their costs and fees.

### I. Mr. Strickland's Deposition Was Timely Noticed, In the District Where Plaintiff Chose to File Suit, And Plaintiff Never Sought a Protective Order.

To start, Mr. Strickland was required to attend his deposition. As Plaintiff's managing agent and an officer of Rialto, he is subject to deposition on notice under Rule 30(b)(1) and Plaintiff is subject to sanctions for his failure to attend under Rule 37(d)(1)(A)(i). Under the latter rule, a court "may, on motion, order sanctions if . . . a party or a party's officer, director, or managing

5

agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A).

Here, Plaintiff was served with proper notice to produce Mr. Strickland for deposition. (Doc. 73-5.) The Federal Rules contain no minimum notice period for depositions, but a short-notice deposition under Rule 32(a)(5)(A) is one on less than 14 days' notice with a motion for protective order pending. Here, not only did Defendants provide 14 days' notice, but Plaintiff also never sought a protective order, nor did they ever offer alternative dates before Defendants' opposition was due. Instead, they unilaterally decided to no-show, saying they would not produce Mr. Strickland until long after their summary judgment motion would be fully briefed.

Similarly, Mr. Strickland should have been produced in the Southern District of New York (or at least Plaintiff should have offered to make him available remotely). "Ordinarily, a defendant is entitled to examine a plaintiff in the forum where plaintiff has chosen to sue." *Seuthe v. Renwal Prods., Inc.*, 38 F.R.D. 323, 324 (S.D.N.Y. 1965); *accord City of Perry, Iowa v. Procter & Gamble Co.*, No. 15-CV-8051 (JMF), 2017 WL 2656250, at *1 (S.D.N.Y. June 20, 2017) ("[A] plaintiff, having selected the forum in which the suit is brought, will be required to make himself or herself available for examination there."). While a court has discretion to order otherwise on a motion for a protective order—albeit a discretion usually exercised for indigent plaintiffs or people facing serious travel difficulties rather than an officer of a mortgage servicer that chose to sue here—Plaintiff never sought a protective order, nor did it ever even specify the nature of the conflict that it claimed on the noticed deposition date. It is thus subject to sanctions under Rule 37(d)(1)(A)(i).

**II.     Mr. Strickland's Declaration or the Summary Judgment Motion Should Be Stricken as a Sanction for His No-Show Deposition.**

A party who no-shows for a deposition is subject to "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," as well as "to pay the reasonable expenses, including attorney's fees, caused

6

by the failure" to appear. Fed. R. Civ. P. 37(d)(3). Among other sanctions, Rule 37(b)(2)(A)(ii) allows for a sanction of striking evidence and Rule 37(b)(2)(A)(iii) authorizes striking pleadings. Courts have also, either under Rule 37 or their inherent authority to control the proceedings before them, stricken declarations of witnesses who fail to show up for deposition because the declarations of "witnesses who have not been made available for cross-examination" are "inadmissible hearsay." *United States v. M/Y Amadea*, No. 23 CIV. 9304 (DEH), 2025 WL 754685, at *5 (S.D.N.Y. Mar. 10, 2025); *see also Vilella v. Pup Culture LLC*, No. 23-CV-2291 (LJL), 2023 WL 7986562, at *3 n.4 (S.D.N.Y. Nov. 17, 2023) ("Defendants declined to make these declarants available for deposition. . . . Accordingly, the Court does not consider the declarations for their truth at this stage of the proceedings.").

Where a witness seeks to offer testimony by declaration while evading cross-examination, courts consistently strike those declarations because it would violate basic fairness to allow a witness to testify unchallenged. Thus, in *New World Sols., Inc. v. NameMedia Inc.*, Judge Karas struck as a Rule 37 sanction the declaration of the plaintiff's co-founder who had refused to appear for deposition and then granted summary judgment to the defendant on the plaintiff's claims, a situation far more akin to terminating sanctions than the more limited, fairness-restoring sanctions Defendants seek here. 150 F. Supp. 3d 287, 308 (S.D.N.Y. 2015); *see also S.E.C. v. Smart*, 678 F.3d 850, 856 (10th Cir. 2012) (affirming striking of declaration of witness); *Gillum v. Baxton*, No. 12-CV-626-JPG-PMF, 2016 WL 628796, at *2 (S.D. Ill. Feb. 17, 2016).

Here, Defendants seek modest sanctions to restore the parties to the position they would have been in had Plaintiff complied with its duties to produce Mr. Strickland for deposition and deter gamesmanship. If Mr. Strickland had shown up, Defendants would have been able to oppose summary judgment with testimony as to the limits of his knowledge and his ability to authenticate

7

documents provided by BMO. In the absence of that, Defendants were forced to waste time and money opposing summary judgment principally based on the inadmissibility of his declaration and under Rule 56(d) instead. Defendants were also forced to waste time and money taking a non-appearance, briefing this motion, and ultimately filing a surreply that would have been unnecessary had Mr. Strickland appeared or had Plaintiff offered a reasonable alternative (such as deferring the summary judgment opposition date).

Sanctions are particularly warranted here because of the calculated nature of the no-show. This is not a case where a party missed its deposition in the middle of the case with time to spare—something that would usually be addressed by an offer to pay the costs occasioned (which Plaintiff has not offered to do) and move on. Rather, this is a case where Plaintiff sought summary judgment before discovery, was *twice* advised by the Court that discovery should continue pending the motion, and then delayed producing documents and no-showed for a deposition prior to the opposition date for its motion. Those are signs of a calculated effort to gain an unfair advantage by precluding Defendants from using discovery to oppose summary judgment. The Court should ensure fair play in future cases by showing that gaming the system will not be tolerated; if parties want to seek summary judgment early in a case, they need to play by the rules and allow discovery when the court has repeatedly denied discovery stays.

Nor is there any justification for Plaintiff's conduct here, let alone substantial justification. Plaintiff could have and should have appeared for the deposition. If the date was inconvenient, it could have offered another one before the summary judgment opposition deadline—not months after it had passed—or agreed to extend the opposition deadline, as Defendants repeatedly proposed. If travel to New York was inconvenient—an issue it never raised when asked to cooperate in scheduling Mr. Strickland's deposition—it could have asked for a remote deposition

or paid the costs of Defendants' counsel traveling to somewhere else. Certainly, it should have moved for a protective order rather than simply not showing up. The reason Plaintiff now seeks forgiveness rather than permission is that seeking a protective order beforehand would have revealed Plaintiff's gamesmanship in refusing to produce discovery before the summary judgment opposition deadline.

### III.     Defendants Should Be Awarded Their Costs and Fees.

A party (or party's officer or managing agent) who fails to appear for deposition may be ordered "to pay the reasonable expenses, including attorney's fees, caused by the failure" to appear. Fed. R. Civ. P. 37(d)(3). Normally, parties who miss depositions without a good excuse like illness, bereavement, or the like voluntarily agree to cover at least the cost of having a do-over deposition. Plaintiff has not made an offer to cover any of those costs.

As such, the Court should award the reasonable expenses, including the reporter's fee, the fees of Defendants' counsel for attending the deposition, and the fees for this motion and the duplicative summary judgment briefing necessitated by Plaintiff's gamesmanship.

### CONCLUSION

For the foregoing reasons, this Court should strike Mr. Strickland's declaration and the motion it supports and grant Defendants their reasonable expenses, including attorney's fees.

Dated: New York, New York  
      June 4, 2025

*Nathaniel J. Kritzer*  
Nathaniel J. Kritzer  
STEPTOE LLP  
1114 Avenue of the Americas  
New York, New York 10036  
Telephone: (212) 378-7535  
Email: nkritzer@steptoe.com

*Attorney for Defendants Aevri Salina Meadows LLC and Moshe Rothman*

9