**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WILMINGTON TRUST, NATIONAL ASSOCIATION, as Trustee for the benefit of the Registered Holders of BBCMS Mortgage Trust 2022-C15 Commercial Mortgage Pass-Through Certificates, Series 2022-C15, acting by and through its special servicer, Rialto Capital Advisors, LLC,

Plaintiff,

v.

AEVRI SALINA MEADOWS LLC; HAWTHORNE PROPERTY SERVICES, LLC; and MOSHE ROTHMAN; and NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE,

Defendants.

Case No.: 1:23-cv-08824-(JPC)

Hon. John P. Cronan

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS FOR MICHAEL SRICKLAND'S NON-APPEARANCE FOR DEPOSITION AND/OR TO STRIKE STRICKLAND'S DECLARATION**

**VENABLE LLP**

Gregory A. Cross
Brent W. Procida
750 E. Pratt Street
Suite 900
Baltimore, Maryland 21202
Tel.: (410) 244-7400
Fax: (410) 244-7742
gacross@venable.com
bwprocida@venable.com

Adam G. Possidente
151 W. 42nd Street
New York, New York 10036
Tel.: (212) 307-5500
Fax: (212) 307-5598
apossidente@venable.com

*Counsel for Plaintiff*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .... 1

RELEVANT BACKGROUND .... 2

A. The Action and Plaintiff's Summary Judgment Motion .... 2

B. Defendants' Inefficient Demands to Depose Plaintiff's Business-Records Declarant .... 4

ARGUMENT .... 5

I. The Motion Should Be Denied Because Defendants Have Deposed Mr. Strickland. .... 6

II. The Motion Should Be Denied Because Defendants Knowingly Sought to Depose Mr. Strickland When He Was Unavailable. .... 6

III. The Motion Should Be Denied Because Mr. Strickland's Testimony is Irrelevant. .... 9

CONCLUSION .... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brown v. Semple*,
2017 WL 1190365 (D. Conn. Mar. 30, 2017) ....................7

*Bujnicki v. American Paving and Excavating, Inc.*,
2004 WL 1071736 (W.D.N.Y. Feb. 25, 2004) ....................5

*Davis v. New York*,
1988 WL 42189 (S.D.N.Y. Arp. 28, 1988) ....................5

*Escoffier v. Whole Foods Mkt. Grp., Inc.*,
2023 WL 8827573 (S.D.N.Y. Dec. 21, 2023) ....................7

*Gillum v. Baxton*,
2016 WL 628796 (S.D. Ill. Feb. 17, 2016)....................9

*McFadden v. Ballard, Spahr, Andrews, & Ingersoll, LLP*,
243 F.R.D. 1 (D.D.C. 2007)....................8

*New World Sols., Inc. v. NameMedia Inc.*,
150 F. Supp. 3d 287 (S.D.N.Y. 2015)....................8

*Rauch Indus., Inc. v. David Strand Designs, LLC*,
2011 WL 1560822 (S.D.N.Y. Apr. 25, 2011) ....................7

*SEC v. Smart*,
678 F.3d 850, 856 (10th Cir. 2012)....................9

*Smith v. City of New York*,
697 F. App'x 88 (2d Cir. 2017) ....................11

*Unicure, Inc. v. Thurman*,
92 F.R.D. 368 (W.D.N.Y. 1981)....................8

*United States v. Jakobetz*,
955 F.2d 786 (2d Cir. 1992) ....................10

*United States v. M/Y Amadea*,
2025 WL 754685 (S.D.N.Y. Mar. 10, 2025)....................8

*Vilella v. Pup Culture LLC*,
2023 WL 7986562 (S.D.N.Y. Nov. 17, 2023)....................8

**TABLE OF AUTHORITIES (cont'd)**

Page(s)

*Wells Fargo Bank, Nat'l Ass'n as Tr. for Benefit of Holders of CD 2018-CD7 v. Prince 26, LLC*, 2023 WL 5152420 (S.D.N.Y. Aug. 10, 2023)....................11

*Wilmington Tr., Nat'l Ass'n, as Tr. v. 31 Prince St., LLC*, 2023 WL 3647397 (S.D.N.Y. May 25, 2023) (J. Koeltl)....................10

Plaintiff Wilmington Trust, National Association, as Trustee for the benefit of the Registered Holders of BBCMS Mortgage Trust 2022-C15 Commercial Mortgage Pass-Through Certificates, Series 2022-C15 ("Plaintiff"), acting by and through its special servicer, Rialto Capital Advisors, LLC, respectfully submits this memorandum of law in opposition to the Motion for Sanctions for Michael Strickland's Non-Appearance for Deposition and/or to Strike Strickland's Declaration (the "Motion") filed by Defendants Aevri Salina Meadows LLC ("Borrower") and Moshe Rothman ("Rothman" and, together with Borrower, "Defendants").

**PRELIMINARY STATEMENT**

This sanctions motion is a transparent effort by Defendants to distract from Plaintiff's entitlement to summary judgment. This is a straightforward action to foreclose a commercial mortgage and enforce a related guaranty. Rather than oppose summary judgment on the merits—because they cannot; Defendants admit they have not made a payment on the loan in over a year—Defendants instead manufactured a controversy on the irrelevant non-issue of deposing Michael Strickland, Plaintiff's document custodian, leading to this Motion. The Court should recognize this application as an irrelevant sideshow, and deny it in full.

Defendants' arguments in support of this Motion are easily dismissed. As a threshold matter, Defendants have now deposed Mr. Strickland, and have submitted a sur-reply on the summary judgment motion concerning that deposition. This moots the Motion. Unlike every case Defendants cite in the Motion, which involved serial refusals to produce the at-issue witness, Plaintiff voluntarily produced Mr. Strickland, who answered every non-privileged question Defendants asked. Although Plaintiff disagrees about the import of deposing an individual who executes a transmittal declaration—particularly where, as here, Defendants do not deny any of their defaults on loan agreements—the fact is that the deposition has occurred. There is nothing to sanction here.

Defendants' remaining contentions fare no better. First, Defendants claim that "Plaintiffs' counsel first refused to cooperate" to schedule a deposition (Motion at 1) and that Mr. Strickland "no-showed" his deposition. Motion at 1, 5, 6, 8. The facts disprove this overheated hyperbole. In reality, Plaintiff informed Defendants that Mr. Strickland was not available on the day they proposed, but would sit for a deposition later in discovery. Defendants ignored that information, never asked to adjourn summary judgment briefing deadlines (contrary to their claims now), and proceeded with Mr. Strickland's deposition ***on a day they knew he was unavailable***. Courts in this District have repeatedly denied sanction motions on these facts. This Court should follow suit.

Second, the motion depends on the false premise that Defendants needed Mr. Strickland's deposition to defend summary judgment. Mr. Strickland is a business records custodian in a straightforward commercial foreclosure case where the Borrower has not made payments on the Loan for a year. He is not a "critical" witness, as Defendants contend. Defendants' argument justifying this alleged need—to test the authenticity and admissibility of loan documents Mr. Rothman signed—underscore this point. These arguments ignore both binding precedent from this Circuit governing the admissibility of documents at summary judgment and the significant evidence authenticating these agreements, including an opinion letter from Defendants' own lawyer certifying their enforceability. Mr. Strickland's deposition adds nothing to these issues.

In short, this Motion is a manufactured attempt to create an issue out of whole cloth. The Court should deny this Motion and grant Plaintiff's pending motion for summary judgment.

## RELEVANT BACKGROUND

### A. The Action and Plaintiff's Summary Judgment Motion

On February 2, 2025, this Court issued an order permitting Plaintiff to move for summary judgment on March 19, 2025. ECF No. 55. Plaintiff did so, and supported that motion with testimonial and documentary evidence. Plaintiff's testimonial evidence includes declarations from

William Colucci, the Court-appointed receiver and Michael Strickland, Plaintiff's business-record declarant. ECF Nos. 63 & 65. Plaintiff's documentary evidence includes the relevant loan documents (ECF Nos. 63-1 to 63-13) and, critically, an opinion letter from Defendants' deal counsel, Mordecai Book, certifying that those documents are duly executed and enforceable (the "Book Opinion"). ECF No. 63-14.

Defendants' summary-judgment opposition—and, relatedly, this Motion—does not attack the substance of that motion. *See* ECF 71. Among other things, Defendants admit that they have not made any payments on the Loan since July 2023. ECF No. 74 at ¶ 26 (Defendants' response to Plaintiff's Rule 56.1 Statement of Undisputed Facts, responding "Admitted" to the statement that "Borrower has not made any payment since July 3, 2023"). Defendants therefore do not meaningfully challenge their payment default (and instead attach to their summary judgment opposition an email admitting that the Loan was not current as of August 2023, ECF No. 73-1 at 3) or failure to comply with the Cash Management Provisions, as established by bank records and admissions Mr. Rothman made in a separate litigation—a separate default under the Loan documents. ECF Nos. 63-11, 65-1, 83-2.

Defendants instead only attack the admissibility and authenticity of Plaintiff's evidence. Those attacks are meritless for the reasons set forth in Plaintiff's summary judgment reply papers. *See* ECF 86 (Pls. SJ Reply Br.). As relevant here, however, Defendants claim Mr. Strickland's deposition is necessary to ask about the policies of BMO (the Original Lender) and its handling of the Loan Documents prior to their assignment to the Plaintiff. *Id.* at 2. Defendants also apparently seek to challenge whether the Loan Documents are valid and admissible contracts. *Id.* These challenges come notwithstanding that (1) Defendants made payments pursuant to those same documents for over a year without complaint, (2) many of these documents (*e.g.*, the Mortgage, ALR and assignments) are self-authenticating, and (3) Defendants' own lawyer

certified to their enforceability in the Book Opinion.

Other documents further underscore why Defendants' arguments fail. For example, the law firm Neuberger Quinn Gielen Rubin Gibber PA, also counsel to Defendants, authored an opinion letter in connection with the loan concerning the potential consolidation of the Borrower's assets with other entities in the event of a bankruptcy (the "Neuberger Opinion"). Procida Decl. Ex. 1. That opinion letter "assumed the authenticity of all documents submitted to us as originals." *Id.* at 3. Those documents include the core loan documents, including the Loan Agreement, Promissory Note, Mortgage, and Borrower's Certification. *Id.* at 2-3. In connection with that opinion letter, Mr. Rothman executed a certificate—affixed as an exhibit to the opinion—affirming that "all of the facts and assumptions contained in the Opinion . . . are true and correct." *Id.* at Ex. A (Certificate of Aevri Salina Meadows LLC and Moshe Rothman). In other words, Defendants (or their lawyers) have repeatedly signed documents affirming that the loan documents justifying summary judgment are valid and enforceable contracts.

### B. Defendants' Inefficient Demands to Depose Plaintiff's Business-Records Declarant

On March 26, 2025—before either side had produced documents and months before the deposition cut-off—Defendants informally requested via email depositions of Messrs. Strickland and Colucci, plus a 30(b)(6) deposition of Plaintiff. Defendants did not provide topics for that corporate deposition, and threatened to re-depose Mr. Strickland after the parties' document productions. On March 27, Defendants noticed Mr. Strickland's deposition for April 10.

On April 4, 2025, Plaintiff told Defendants that (1) Mr. Strickland was not available on April 10, but that (2) Plaintiff would work cooperatively to find a mutually agreeable date following Plaintiff's document production and in advance of the deadline to complete

depositions.[1] *See* ECF No. 59. Plaintiff also requested topics for the corporate deposition. Defendants ignored this proposal in favor of proceeding with an April 10 deposition—months before the relevant deadline—of a witness who they knew was not available. Before doing so, Defendants did not propose any alternative deposition dates, nor did they ask to extend the summary judgment briefing schedule (as Defendants now claim to have done, *see* Motion at 8).

Defendants instead raised Mr. Strickland's supposed non-appearance with the Court, leading to this Motion. Following a May 15 telephonic conference, Your Honor ordered Defendants to depose Mr. Strickland. If that deposition revealed any material information, Your Honor also permitted Defendants to file a summary judgment sur-reply brief. On July 31, 2025, Defendants deposed Mr. Strickland. Other than one instance involving privilege, Mr. Strickland answered every question Defendants posed. On August 15, Defendants filed a sur-reply brief on summary judgment concerning Mr. Strickland's deposition. While Defendants will address the (meritless) arguments in that sur-reply at the appropriate time at summary judgment, for purposes of this motion, the point is that Defendants have had the opportunity to present their view, as wrong-headed as it may be, concerning Mr. Strickland's testimony.

## ARGUMENT

It is "well settled that the protections and sanctions found in the discovery rules are not absolute and contemplate use of judicial discretion." *Bujnicki v. American Paving and Excavating, Inc.*, 2004 WL 1071736, at *11 (W.D.N.Y. Feb. 25, 2004) (citing *Davis v. New York*, 1988 WL 42189, at *2 (S.D.N.Y. Arp. 28, 1988)). The Court "***may***, on motion, order sanctions ***if*** (i) a party. . .fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i) (emphasis added).

[1] Plaintiff informed Defendants that it does not represent Mr. Colucci. To date, Defendants have not pursued Mr. Colucci's deposition.

There is no basis for sanctions here. First, and most importantly, Defendants have deposed Mr. Strickland and submitted a sur-reply brief containing their arguments about that deposition's relevance to summary judgment. This moots this motion. Second, Plaintiff informed Defendants that Mr. Strickland was not available for deposition on April 10. Defendants' decision to proceed notwithstanding that knowledge cannot justify sanctions. Third, Defendants' proffered reasons for needing Mr. Strickland's deposition are arguments of convenience trying to justify the deposition of a business-records custodian.

## I. The Motion Should Be Denied Because Defendants Have Deposed Mr. Strickland.

The Motion should be denied for the simple reason that it is moot. Since filing it, Defendants have deposed Mr. Strickland, who answered every question save those few implicating privilege. *See* ECF No. 105-1 (Strickland Dep. Tr.). Defendants have also filed and served their sur-reply in opposition to summary judgment. ECF No. 104. That brief contains Defendants' additional arguments concerning the alleged relevance of Mr. Strickland's testimony to summary judgment. Although Plaintiff disagrees with those arguments—which do not alter Plaintiff's entitlement to summary judgment—the fact remains that Defendants are not aggrieved here. Indeed, this is precisely the outcome contemplated by FRCP 56(d)(2), which allows courts to grant additional time to obtain discovery prior to opposing summary judgment. There is no basis for sanctions given that reality. The Motion should be denied.

## II. The Motion Should Be Denied Because Defendants Knowingly Sought to Depose Mr. Strickland When He Was Unavailable.

The Motion repeatedly claims that Mr. Strickland "no-showed" his deposition, justifying sanctions. *See, e.g.,* Motion at 1, 5, 6, 8. Defendants likely repeat this refrain to make it seem as though Plaintiff simply ignored the deposition notice, leading to Defendants unexpectedly having no witness to depose. That is not what happened. To the contrary, Defendants intentionally tried to take a deposition when they knew Mr. Strickland was not available—and when they knew that

Plaintiff would make Mr. Strickland subsequently available for deposition—to concoct the basis for this Motion. The Motion should be denied for this reason alone.

The relevant background exposes Defendants' tactics here. As the Motion admits, after receiving the notice scheduling Strickland's April 10 deposition, Plaintiff informed Defendants that Mr. Strickland was not available on that day. Plaintiff did so on April 4, nearly a week in advance. *Id.* In so doing, Plaintiff also offered to produce Mr. Strickland on a mutually agreeable date well before the July deadline to complete depositions and after Plaintiff had finished its document production (eliminating the risk of a second deposition). *Id.* Despite these undisputed facts, Plaintiff proceeded with an April 10 deposition it knew would not occur. Nor did Defendants ever seek to adjourn their deadline to submit summary judgment opposition papers, as their motion now claims.

Plaintiff's tactical decision does not justify any relief, much less sanctions. Courts from this District have repeatedly denied sanctions motions when the movant knowingly proceeds with a deposition the other side cannot attend. In a case directly on point, Magistrate Judge Francis held that "[n]o sanctions are warranted in this case because any injury to Rauch was self-inflicted. Prior to the time that [counsel] commenced traveling to the deposition, he had received unequivocal notice that [the witness] would not be attending. Rather than cooperating in an effort to reschedule or contacting the court to seek a ruling, counsel chose to force the issue. By doing so, he assumed the risk that [the witness] would not appear." *Rauch Indus., Inc. v. David Strand Designs, LLC*, 2011 WL 1560822, at *1 (S.D.N.Y. Apr. 25, 2011). Other courts have similarly rejected sanction applications where, as here, the moving party knows the deponent is unavailable. *See, e.g., Escoffier v. Whole Foods Mkt. Grp., Inc.*, 2023 WL 8827573, at *2 (S.D.N.Y. Dec. 21, 2023) (declining to sanction plaintiff for deposition non-appearance where plaintiff notified defendant in advance that she could not attend deposition); *Brown v. Semple*, 2017 WL 1190365,

at *5 (D. Conn. Mar. 30, 2017) (holding that sanctions were unwarranted where counsel for deponent "acted reasonably in response to [requesting party's] attempt to schedule the depositions" where, after requesting party noticed depositions, deponent's counsel "provided a legitimate reason for her unavailability" on that date and requested alternative dates).[2] These cases are directly on point.[3] Defendants manufactured their injury here by holding Mr. Strickland's deposition fully aware he could not attend. Indeed, and contrary to the Motion's representations (Motion at 8), Defendants never asked to extend the summary judgment deadline to address their concerns. This underscores the reality behind Defendants' tactics. There is no basis for sanctions here.

The cases cited by Defendants do not alter this result. Those decisions involve either serial efforts to avoid depositions throughout the discovery period or the blatant disregard of a Court order. *United States v. M/Y Amadea*, 2025 WL 754685, at *3 (S.D.N.Y. Mar. 10, 2025) (noting "long and tortured history" in efforts to obtain deposition, including extensions of discovery period and non-compliance with court orders); *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 309 (S.D.N.Y. 2015) (striking declaration where declarant, after close of discovery, "fail[ed] to appear for a duly noticed deposition [and] fail[ed]to reschedule the same"); *Vilella v. Pup Culture LLC*, 2023 WL 7986562, at *3 (S.D.N.Y. Nov. 17, 2023) (disregarding declarations where "the Court gave Defendants the choice of either having the declarations considered and

---

[2] *See also McFadden v. Ballard, Spahr, Andrews, & Ingersoll, LLP*, 243 F.R.D. 1, 9 (D.D.C. 2007) ("Defendants proceeded [with a deposition] fully aware that Ms. McFadden would not be present. The Court will not award sanctions for costs Defendants needlessly incurred."); *Unicure, Inc. v. Thurman*, 92 F.R.D. 368, 370 (W.D.N.Y. 1981) (finding "an award of expenses unjust" where, several days before the scheduled deposition date, defendants' counsel informed plaintiffs' counsel that defendant would be unavailable on that date).

[3] Defendants make much of the fact that Mr. Strickland was "required" to attend his deposition, and that Plaintiff did not move seek a protective order from the Court. *See, e.g.,* Motion at 5-6. This ignores the reality that Plaintiff promptly told Defendants that Mr. Strickland was unavailable to be deposed on that specific day, but would sit for deposition later. There was no reason to seek a protective order when professional courtesy should have resolved this issue.

making the declarants available for deposition or withdrawing the declarations until discovery. Defendants chose the latter.”).[4] None of those facts are present here. To the contrary, Mr. Strickland has already been deposed, answering every question that did not implicate privilege. Defendants were also able to supplement the summary judgment record with their position on the relevance of that deposition via the Court-approved sur-reply (of course, in Plaintiff’s view, there is none). Simply put, there is no basis to sanction Plaintiff for Mr. Strickland’s failure to appear at a deposition he could not attend when Defendants have received the full benefit of that deposition prior to the Court ruling on summary judgment. The Motion should be denied.

**III. <u>The Motion Should Be Denied Because Mr. Strickland’s Testimony is Irrelevant.</u>**

The Motion relies on the premise that Mr. Strickland is a key witness upon whom Plaintiff “relies exclusively” at summary judgment. Motion at 2. This is false. Mr. Strickland is a business-records custodian, not a critical fact witness. This is a straightforward commercial foreclosure case where the Borrower has not paid the Loan in a year. Plaintiff’s summary-judgment papers center on that reality and Defendants’ uncontested defaults of the admissible and authenticated loan documents, not on the testimony of any witness.

To that point, Defendants claim to need Mr. Strickland’s deposition to test (1) the policies of BMO, as Original Lender, in maintaining the Loan Documents before Plaintiff received the documents as Assignee and (2) whether the Loan Documents—concerning a Loan on which Defendants made payments for a year, before stopping in 2023—are admissible documents. Consistent with Defendants’ failure to mount a substantive argument against summary judgment,

[4] Defendants’ citations to two other cases from outside of this Circuit are equally irrelevant. Defendants claim that *SEC v. Smart* is an example of a court “striking of declaration of witness.” Motion at 7. In fact, it is the exact opposite: the district court denied that motion to strike, and the Tenth Circuit did not reverse. 678 F.3d 850, 856 (10th Cir. 2012). In *Gillum v. Baxton*, the court disregarded the affidavit of a witness who failed to appear at a court-ordered deposition. 2016 WL 628796, at *2 (S.D. Ill. Feb. 17, 2016). That is a far cry from this situation.

neither argument goes to the merits. In any event, Defendants have now deposed Mr. Strickland, and have made their (meritless) arguments on sur-reply. Even putting that deposition aside, however, neither contention has any merit. This confirms the irrelevance of Mr. Strickland's deposition and, combined with the fact that he has already been deposed, mandates denying this Motion.

First, as an assignee of the Loan, neither the Plaintiff nor its servicers have any direct knowledge of the Original Lender's policies and procedures. More to the point, however, any such knowledge of BMO's policies is irrelevant. Documents created by another entity are admissible as business records "if witnesses testify that the records are integrated into a company's records and relied on in its day to day operations." *United States v. Jakobetz,* 955 F.2d 786, 801 (2d Cir. 1992). Courts of this district recognize that loan documents are frequently assigned and are not "the type of evidence that is so susceptible to fabrication that authentication by a representative of [the equity creating the documents] should be required." *Wilmington Tr., Nat'l Ass'n, as Tr. v. 31 Prince St., LLC*, 2023 WL 3647397, at *7 (S.D.N.Y. May 25, 2023) (J. Koeltl); *United States v. Jakobetz,* 955 F.2d 786, 801 (2d Cir. 1992) ("Rule 803(6) allows business records to be admitted if witnesses testify that the records are integrated into a company's records and relied upon in its day to day operations."). Moreover, and as fully explained in Plaintiff's summary judgment papers, there is ample corroborating evidence of the Loan Documents, including the Book Opinion, the parties' course of dealing, and the self-authenticating Mortgage, ALR, and Assignments. *See* ECF 86 (SJ Reply Br.) at 9-11. The Neuberger Opinion further confirms these facts. Procida Aff. Ex. 1.

Second, Defendants' main complaint seems to go to the admissibility of the Loan Documents at trial. But the law is clear in this Circuit that Plaintiff need not meet that standard at summary judgment. It is instead enough that Plaintiff establish that the Loan Documents will be

admissible at trial. *Smith v. City of New York*, 697 F. App'x 88, 89 (2d Cir. 2017) ("[M]aterial relied on at summary judgment need not be admissible in the form presented to the district court ... so long as the evidence in question will be presented in an admissible form at trial."); *Wells Fargo Bank, Nat'l Ass'n as Tr. for Benefit of Holders of CD 2018-CD7, Mortg. Tr. Com. Mortg. Pass-Through Certificates, Series 2018-CD7 v. Prince 26, LLC*, 2023 WL 5152420 (S.D.N.Y. Aug. 10, 2023) (similar). Given the wealth of evidence noted above attesting to the authenticity of the Loan Documents, the Court can consider them at summary judgment.

Finally, Defendants' failure to take any discovery concerning these supposed "critical" issues underscores that they are nothing of the sort. Defendants did not, for example, serve interrogatories, requests for admission, and/or seek a deposition upon written questions. Nor did Defendants test their concerns about BMO's policies and the loan's closing by serving subpoenas on, for example, BMO, the closing attorneys, and/or the title company. Indeed, to date, Defendants have done none of those things. This puts the lie to Defendants' arguments about needing additional discovery to oppose summary judgment. Defendants' decision here speaks volumes.[5]

---

[5] In contrast, and belying Defendants' claims that Plaintiff "elected to help itself" to a discovery stay (Motion at 1), Plaintiff has served written responses answers in response to the Defendants' discovery requests, produced nearly 12,000 pages of documents, and voluntarily provided extensive financial information to Defendants' lawyers. Plaintiff has also pursued third-party discovery against, among others, Rothman's deal counsel.

## CONCLUSION

For the reasons set forth above, the Defendants' Motion should be denied.

Dated: New York, New York
August 18, 2025

Respectfully submitted,

**VENABLE LLP**

By: */s/ Brent W. Procida*

Gregory A. Cross
Brent W. Procida
750 E. Pratt Street
Suite 900
Baltimore, Maryland 21202
Tel.: (410) 244-7400
Fax: (410) 244-7742
bwprocida@venable.com

Adam G. Possidente
151 W. 42nd Street
New York, New York 10036
Tel.: (212) 307-5500
Fax: (212) 307-5598
apossidente@venable.com

*Counsel for Plaintiff*

**CERTIFICATION OF WORD COUNT COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c), I hereby certify that the foregoing Memorandum of Law contains 3,554 words (exclusive of the case caption, table of contents, table of authorities, and signature block), as determined by the word-processing system used to prepare the document.

Dated: New York, New York
August 18, 2025

Respectfully submitted,

**VENABLE LLP**

By: */s/ Brent W. Procida*

Gregory A. Cross
Brent W. Procida
750 E. Pratt Street
Suite 900
Baltimore, Maryland 21202
Tel.: (410) 244-7400
Fax: (410) 244-7742
bwprocida@venable.com

Adam G. Possidente
151 W. 42nd Street
New York, New York 10036
Tel.: (212) 307-5500
Fax: (212) 307-5598
apossidente@venable.com

*Counsel for Plaintiff*