USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILMINGTON TRUST, N.A.,

                    Plaintiff,

         -v-

AEVRI SALINA MEADOWS LLC, ET AL.,

                    Defendants.

**ORDER**

23-CV-8824 (JPC) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

After actively participating in discovery for nine months and successfully resisting Plaintiff's efforts to stay discovery, *see* ECF No. 67, Defendants seek an immediate stay of discovery on the eve of the deposition of Moshe Rothman, who is both an individual guarantor and the managing member of defendant Aevri Salina Meadows LLC ("Aevri").  ECF No. 117.  Mr. Rothman's deposition was apparently delayed until one day after the December 8 fact discovery deadline.  ECF No. 115.  Thus, the practical effect of granting Defendants' application would be to deprive Plaintiff of the opportunity to depose Mr. Rothman after Defendants presumably obtained all discovery they considered necessary to pursue.  Defendants' application is **DENIED**.

Defendants' request for stay is grounded in their December 3, 2025 letter requesting a conference for an anticipated motion seeking summary judgment for lack of subject matter jurisdiction.  ECF No. 116.  As of 11:55 a.m. today, no premotion conference has been scheduled and no motion has been filed.  Indeed,

1

Plaintiff has not even responded to the letter requesting a premotion conference. Defendants' proposed motion is based on the recently obtained declaration of Shmuel Friedman, who is said to be a member of an LLC that is a member of Aevri.

Plaintiff's responsive letter, ECF No. 118, argues that this declaration does not resolve whether there is subject matter jurisdiction, and it appears to raise more questions than it answers as to Mr. Friedman's citizenship. Even assuming that Mr. Friedman's citizenship destroys diversity, Plaintiff argues that this suit could continue against Mr. Rothman by severing any non-diverse defendants under Rule 21. In short, it appears that there will be extensive motion practice before it is determined what, if any, claims must be dismissed due to Mr. Friedman's new declaration. Additionally, Plaintiff suggests that the Rothman deposition could potentially elicit testimony relevant to these issues.

Finally, assuming that Defendants ultimately prevail and obtain dismissal of this case for lack of subject matter jurisdiction, the parties would then need to address in state court the status of the extensive discovery record already generated here. In any future state court proceeding, it would be sensible for the parties to stipulate to the discovery record obtained in this action. If the parties do so stipulate, there will no harm in proceeding with the Rothman deposition, for it would be on same footing as all the other discovery taken in this case. If they do not so stipulate, the parties would need to redo the entire discovery process in state court. If the parties decide to subject themselves to such an enormous waste of time and money, proceeding with one additional deposition on December 9 would make

little difference at the margin.  Thus, the advanced posture of this case makes the Court's considerations very different from what they would be if Defendants had presented their factual challenge to subject matter jurisdiction at the outset of the case, instead of at the very end of fact discovery.

Given the advanced stage of this case, the present uncertainty as to whether claims against Mr. Rothman would need to be dismissed for lack of subject matter jurisdiction, and the potential relevance of the Rothman deposition to questions of subject matter jurisdiction, the delay and prejudice that Plaintiff would suffer in not deposing Mr. Rothman outweigh the potential prejudice of engaging in one additional deposition that could potentially need to be retaken in state court, assuming that the entire action needs to be dismissed and that the parties are unwilling to stipulate to the discovery record generated here.  Even in that unlikely scenario, proceeding with the December 9 deposition would not be a total waste because it would help streamline Mr. Rothman's deposition in state court.

For the foregoing reasons, Defendants' request to stay discovery, ECF No. 117, is **DENIED** and Mr. Rothman's deposition must proceed as scheduled.

**SO ORDERED.**

Dated: December 8, 2025
　　　New York, New York

Henry J. Ricardo
United States Magistrate Judge

3