Nathaniel J. Kritzer
212 378 7535
nkritzer@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com



February 18, 2026

**VIA ECF**

Hon. John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 12D
New York, NY 10007

    Re:    *Wilmington Trust, National Association v. Aevri Salina Meadows LLC et al*, Case No. 1:23-cv-08824-JPC-HJR
**Response to Plaintiff's Pre-Motion Letter Regarding Leave to File Parallel Suit In State Court**

Dear Judge Cronan:

    We represent Defendants Aevri Salina Meadows LLC and Moshe Rothman in this matter, and write regarding our opposition to Plaintiff's motion seeking leave to file a parallel action in state court.

    To start, nothing prevents Plaintiff from unconditionally and voluntarily dismissing this action, filing a new one in state court, and seeking whatever relief Plaintiff deems fit from that court. Parallel proceedings are unnecessary and waste both Defendants' and this Court's resources. Indeed, since RPAPL § 1301(3) states that the effect of filing a new action without leave of court is simply that the prior action is deemed to have been voluntarily discontinued, it is unclear what this proposed motion is intended to achieve beyond trying to burden Defendants with duplicative litigation unless they waive various rights in state court.

    State courts are amply capable of determining their own procedures and this Court has neither the authority nor the resources to micromanage state court litigation. It is not complicated to serve process. The consequences if it emerges that the receiver was appointed without subject matter jurisdiction can be readily addressed by the state court. The state court can determine if any discovery is necessary. And state law determines when a state court action is ripe for summary judgment. *See* CPLR 3212. Threatening parallel litigation over the same foreclosure and effort to seek a deficiency judgment is a wasteful multiplication of proceedings.

Steptoe

Hon. John P. Cronan, U.S.D.J.
February 18, 2026
Page 2

  As for the remainder of Plaintiff's letter, Plaintiff now claims that a *third* Mr. Friedman—this time called Samuel Friedman and residing in Rockland County, who outright denies ever using the name "Shmuel"—is actually the Shmuel Friedman identified as a member (even though the third Mr. Friedman denies that he is a member). According to documents Plaintiff just produced, Plaintiff's new position appears to be that Mr. Puretz, the former business partner whom Mr. Rothman ejected from the business after erratic behavior and whom Mr. Rothman is suing in state court, actually owns the membership interests and inserted the names of various people he knew without their knowledge. To start, Delaware law comprehensively codifies the requirements for admission to membership of an LLC, so whether Mr. Puretz intended something else is irrelevant to identifying the members, even if it might mean the members have claims against Mr. Puretz for this purported fraud. *See* 6 Del. C. § 18-301. The burden of proof on subject-matter jurisdiction, moreover, rests on the plaintiff, so indeterminacy about who is a member destroys subject-matter jurisdiction rather than creating it.

  The Shmuel Friedman who resides in Israel and is in fact a member of Aevri Salina Investors LLC has been willing to subject himself to prosecution for perjury if what he has said is false; the supporting documents he provided to establish his citizenship and Israeli residence were corroborated by publicly-available information, lending credence to his testimony. Notably, Plaintiff has made no effort to serve Mr. Friedman with a subpoena to cross-examine him at a deposition, which U.S. law specifically authorizes for U.S. citizens residing overseas. By contrast, what Plaintiff offers is a gentleman named Samuel Friedman whose Hebrew name is not Shmuel. Doubtless, Mr. Puretz's erratic behavior, poor recordkeeping, and later incarceration has rendered the identity of the members of the LLC unusually hard to determine in this case. But it is Plaintiff who bears the burden of establishing that there is complete diversity, and Defendants are entitled to hold Plaintiff to that burden.

  At any rate, as Defendants have stated repeatedly, this case belongs in state court, where it should have been filed in the first place. No order under RPAPL § 1301 is needed to do so; the only reason Plaintiff seeks one is to try to use the threat of even more wasted expense and effort to cudgel Defendants into waiving their rights. Plaintiff should stop wasting this Court's time with unnecessary motions to try to clean up its own decision to file in federal court with inadequate evidence of diversity of citizenship. Rather, all Plaintiff needs to do is voluntarily dismiss without prejudice and then leave it to the state court to determine its own procedural course. That is what should have happened all along in this case.

                      Respectfully submitted,

                       /s/ Nathaniel Kritzer

                       Nathaniel J. Kritzer