VENABLE LLP

151 WEST 42ND STREET 49TH FLOOR NEW YORK, NY 10036
T 212.307.5500 F 212.307.5598 www.Venable.com

September 11, 2026

**Via ECF**
Hon. Judge John P. Cronan
United States District Court, Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re: Wilmington Trust, National Association v. Aevri Salina Meadows LLC et al., Case No. 1:23-cv-08824-JPC-JLC

Dear Judge Cronan:

Pursuant to the Court's Order dated September 4, 2026 [ECF No. 149], Plaintiff Wilmington Trust, National Association, as Trustee, for the benefit of the Registered Holders of BBCMS Mortgage Trust 2022-C15, Commercial Mortgage Pass-Through Certificates Series 2022-C15, acting by and through its special servicer, Rialto Capital Advisors LLC, ("Plaintiff") and Defendants Aevri Salina Meadows LLC and Moshe Rothman ("Defendants") respectfully submit this joint status letter providing their respective positions about this litigation's next steps:

**Plaintiff's Position:**

Plaintiff is confident that the Court has diversity jurisdiction in this foreclosure action, and that Defendants' purported evidence to the contrary is manufactured. Nevertheless, in the interest of preserving this Court's and Plaintiff's time and resources, and due to the breakdown in the parties' settlement discussions, Plaintiff intends to move to discontinue this action without prejudice in order to re-file it in New York Supreme Court, and to move in the state court action for the retention of William Colucci as Receiver on similar terms to the existing Order Appointing Receiver [ECF No. 25] (the "Receivership Order").

To facilitate the transition of this matter to New York Supreme Court without harming the Property or its tenants, Plaintiff proposed to Defendants in its initial draft of this joint status update that the parties execute a stipulation, and/or the Court should enter an order (1) dismissing this litigation without prejudice, and (2) authorizing Mr. Colucci to continue managing the Property in accordance with the Receivership Order during the brief anticipated gap period between the dismissal of this action and the entry of an order by New York Supreme Court retaining Mr. Colucci as Receiver. Maintaining the receivership in place without interruption is critical to ensure the continued operation of the Property and avoid endangering the tenants. Indeed, as the Property's prior property manager declared in support of Plaintiff's receivership application to Your Honor, "[t]he Property is far less automated than many modern office parks and requires

constant attention" and "[i]t would be irresponsible to the Property and its many tenants to effectively terminate the existing management . . ." ECF No. 13 (M. Barney Decl.) at ¶ 4.

Based on Defendants' below response to Plaintiff's position—which was provided to Plaintiff today at 1:55 pm, on the eve of a Jewish holiday and the filing deadline for this status letter—it appears that Defendants: (i) intend to pursue meritless litigation over their legal fees, (ii) make payment of such fees a "condition of dismissal" of this Action, and (iii) ask this Court to terminate the receivership and leave the Property and its tenants without competent management or oversight during the gap period between the dismissal of this Action and the re-appointment of the receiver by the New York Supreme Court.

Plaintiff strenuously refutes Defendants' mischaracterization of the proceedings in this Action and intends to oppose any motion for legal fees in connection with the discontinuance of this Action. Further, Plaintiff intends to seek relief from this Court under Section 1301 of the New York Real Property Actions and Proceedings Law to authorize Plaintiff to initiate a state court foreclosure proceeding and receivership while the parties resolve any remaining issues in this Action. Such relief would obviate Defendants' concern regarding this Court's authority to continue the receivership during the gap period, and would protect the Property and its tenants for the benefit of all parties, including Defendants.

With respect to Your Honor's question about a reference to Magistrate Judge Ricardo for further settlement discussions, based on the conclusion of the parties' settlement discussions, Plaintiff does not believe that such a reference would be productive.

**Defendants' Position:**

At Plaintiffs' behest, Defendants have been forced to endure nearly three years of litigation in a court that lacks subject-matter jurisdiction. This has included being forced to respond to a premature and factually misleading summary judgment motion, having to address multiple amendments that attempted to manufacture diversity jurisdiction, going through two rounds of court-ordered jurisdictional discovery, briefing jurisdictional arguments, and attending multiple conferences and proceedings where Plaintiffs have attempted to find some way to gloss over their underlying inability to prove jurisdiction.

At the close of discovery, the unrebutted evidence showed definitively that this Court lacks diversity jurisdiction (ECF No. 116). Instead of refuting or even challenging this evidence—the Court granted Plaintiffs an opportunity to depose Defendants' declarant, and Plaintiffs declined to do so—Plaintiffs rest on blithe, unexplained assertions that the Court has jurisdiction, while claiming that they nonetheless wish to begin this action anew in state court "in the interest of preserving . . . resources." That is clearly not the case. Rather, Plaintiffs wish to take this step in

VENABLE LLP



recognition of their inability to prove subject-matter jurisdiction, after years of litigation and ***two*** court-ordered periods of jurisdictional discovery.

At each stage of this case – at the motion to dismiss stage, summary judgment stage, and throughout discovery – Defendants have informed Plaintiffs that this Court lacks subject-matter jurisdiction. At each stage (until now), Plaintiffs have insisted on continuing to litigate in this Court, wasting Defendants' resources and this Court's time. Accordingly, in connection with Plaintiffs' dismissal of this action, and pursuant to Fed. R. Civ. P. 41(a)(2), Defendants should be awarded fees and costs in defending this action.

Within the Second Circuit, "[c]ourts often grant fee awards when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2)." *Jewelers Vigilance Committee, Inc. v. Vitale, Inc.*, No. 90 Civ. 1476, 1997 WL 582823, *4 (S.D.N.Y. Sept. 19, 1997) (citing *Colombrito v. Kelly*, 764 F.2d 122, 133 [2d Cir.1985]; 9 C. Wright & A. Miller, Federal Practice & Procedure: Civil 2d S 2366, at 305–06 [1995]) "The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985); *accord Hernandez v. Liberty One Bronx LLC*, No. 24-CV-07358 (JAV), 2025 WL 1413671, at *2 (S.D.N.Y. May 15, 2025). Fees of the voluntarily dismissed action should be awarded unless the underlying work "will be useful in another action" or "were incurred by the defendant unnecessarily." *Reynolds v. OneWest Bank, FSB*, No. 5:11-CV-81, 2011 WL 5357503, at *5 (D. Vt. Nov. 7, 2011) (citing Wright & Miller § 2366, at 527.)

Here, most of the work required to defend this action will not be useful in a refiled state-court action. First, Defendants expended significant effort litigating the issue of federal subject-matter jurisdiction, including: pre-motion letters directed to the original complaint (ECF Nos. 27, 30, 31); an initial round of court-ordered jurisdictional discovery (*see* ECF No. 32); a pre-motion letter and in-person pre-motion conference directed at the jurisdictional allegations in the First Amended Complaint (ECF Nos. 38, 2/26/2024 minute entry); full briefing on a motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction (ECF Nos. 44-46, 51); obtaining a declaration from Shmuel Friedman regarding his actual domicile (ECF No. 116); preparing a pre-motion letter regarding a motion for summary judgment on subject-matter jurisdiction grounds and attending a conference regarding that contemplated motion (ECF Nos. 116, 121-123); preparing joint updates on a second round of jurisdictional discovery requested by Plaintiffs (ECF Nos. 124, 129, 131); and correspondence and a conference regarding Plaintiffs' request to sever the case and send only a part of it to state court (ECF No. 134-137). As federal subject-matter jurisdiction will not be a question at all in state court, ***none*** of this substantial effort will be useful in a re-filed action.

VENABLE LLP



Second, Defendants were forced to incur substantial fees litigating Plaintiffs' improper efforts to obtain a premature summary judgment ruling, their efforts to block Defendants from taking discovery to oppose that motion, and Plaintiffs' related refusal to appear for a timely deposition of their primary declarant. Plaintiffs filed a motion for summary judgment before any merits discovery had taken place, ECF No. 60-66, coupled with an improper request to stay discovery even after Magistrate Judge Ricardo had denied such a stay and set a discovery schedule. ECF Nos. 66, 68, 70. Defendants were forced to respond to this premature summary judgment motion, ECF Nos. 70-74, as well as Plaintiffs' meritless request to stay discovery, ECF No. 67. Defendants also had to file a motion to strike the declaration of Plaintiffs' primary witness due to his failure to appear for a duly noticed deposition, or even to cooperate in scheduling an examination that could be taken in time for use in opposing Plaintiffs' premature summary judgment motion. ECF Nos. 94-96, 111. Plaintiffs' summary judgment was ultimately denied as untimely, without prejudice to "refiling at a later date." ECF No. 128. Defendants will not, in any refiled state-court action, be able to reuse work product concerning (1) the timing of Plaintiffs' summary judgment motion; (2) Plaintiffs' improper and repeated requests to stay discovery while they had a summary judgment motion pending; (3) Plaintiffs' refusal to schedule a timely deposition of their primary witness; and (4) Defendants' request to disregard the testimony of Plaintiffs' primary witness in light of his non-appearance at a duly noticed deposition.

This list is not exhaustive—Defendants understand that the Court requested only a status update, and Defendants intend to make a full record of the fees they have incurred in this case that will not be useful in a refiled state case. To be clear, consistent with Second Circuit precedent, Defendants will not seek fees for work product that could be re-used in a state court action, such as their answer, the deposition taken of Plaintiffs' principal, and time spent on settlement negotiations that may have continuing value. But taken together, the items of non-reusable work catalogued above comprise the majority of work done for Defendants in this matter.

All of this was avoidable. Had Plaintiffs conducted diligence regarding discovery at the outset of this case, or had they simply heeded the repeated protests from Defendants that subject-matter jurisdiction was lacking, they could have voluntarily dismissed this case years ago without being responsible for imposing substantial legal bills on an individual defendant, Mr. Rothman. Having refused to do so, they should bear the costs of their conduct, consistent with settled application of Rule 41(a)(2) in the Second Circuit.

Defendants accordingly request that the Court's order of dismissal without prejudice under Rule 41 state that Plaintiffs must pay those fees and costs Defendants incurred in this action for work that will not be useful in a refiled state court action. Defendants will then submit a supplemental brief itemizing those costs, with Plaintiffs given a fair opportunity to respond.

VENABLE LLP



Payment of these fees should then be imposed as a condition of dismissal pursuant to Rule 41(a)(2).[1]

Additionally, given this Court's lack of jurisdiction from the outset of this case, it would be inappropriate and in excess of jurisdiction to grant the additional relief Plaintiff seeks, either an order under Section 1301 (which Plaintiff previously sought and the Court denied) osssssssr an order keeping the receiver empowered to manage the properties at issue ***even after this case has been dismissed.*** Indeed, even if this Court had jurisdiction, it would in all events lack the power to enter such an incongruent order (on the one hand dismissing, on the other hand entering continuing equitable relief). It is black-letter law that, after a Rule 41 dismissal, a district court lacks jurisdiction to enter the continuing relief that Plaintiffs seek. *E.g.*, *Oneida Indian Nation of New York State v. Oneida Cnty.*, 622 F.2d 624, 629 (2d Cir. 1980) ("[V]oluntary dismissal of a suit leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought . . . , thus vitiating and annulling all prior proceedings and orders in the case, and terminating jurisdiction over it."). A valid Rule 41 dismissal immediately deprives the Court of whatever jurisdiction it had. *Gorton v. Gardner Denver, Inc.*, No. CV 1:17-1110, 2022 WL 7579808, at *6 (M.D. Pa. Oct. 13, 2022) ("the district court is deprived of subject-matter jurisdiction" as soon as a valid voluntary dismissal is entered). Plaintiff cannot demand interim relief in aid of a claim that no longer exists. *See Fundicao Tupy S.A. v. United States*, 841 F.2d 1101, 1103 (Fed. Cir. 1988) ("a preliminary injunction is . . . ipso facto dissolved by a dismissal of the complaint or the entry of a final decree in the cause.").

Finally, though irrelevant, it bears mention that Plaintiffs' accusation that Defendants provided their position to Plaintiff "at 1:55 pm, on the eve of a Jewish holiday" is misleading and lacks context. After the Court's order gave the parties seven days to prepare a joint letter, Plaintiff disclosed its intent to seek voluntary dismissal only yesterday, the day before this filing was due. Defendants responded the next day (today), with ample time before the close of business. Defendants asked Plaintiffs to remove this irrelevant and inaccurate accusation from this letter to avoid burdening the Court with it. Plaintiffs refused.

***

Please do not hesitate to contact the parties with any questions that you may have.

---

[1] Plaintiffs are not entitled to dismiss by notice under Fed. R. Civ. P. 41(a)(1)(A), since Defendants have filed an answer. Accordingly, any voluntary dismissal must be by court order under Fed. R. Civ. P. 41(a)(2).

VENABLE LLP



By: *_/s/ Adam G. Possidente_*
Adam G. Possidente
151 West 42nd Street
New York, New York 10036
Telephone: (212) 307-5500
Fax: (212) 307-5598
agpossidente@venable.com

*Attorneys for Plaintiff*

By: *_/s/ Nathaniel J. Kritzer_*
Nathaniel J. Kritzer
Steptoe LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 378-7535
Email: nkritzer@steptoe.com

*Attorney for Defendants Aevri Salina Meadows LLC and Moshe Rothman*

cc: Counsel of Record (via ECF)