VENABLE LLP

151 WEST 42ND STREET 49TH FLOOR NEW YORK, NY 10036
T 212.307.5500 F 212.307.5598 www.Venable.com

October 23, 2026

**Adam G. Possidente**
**t** 212.370.6282
**f** 212.307.5598
AGPossidente@Venable.com

**VIA ECF**

Hon. Judge John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re: *Wilmington Trust, National Association v. Aevri Salina Meadows LLC et al.*, Case No. 1:23-cv-08824-JPC-JLC; Letter Motion for Authorization Pursuant to RPAPL 1301(3) to Initiate State Court Action

Dear Judge Cronan:

This firm represents plaintiff Wilmington Trust, National Association, as Trustee, for the benefit of the Registered Holders of BBCMS Mortgage Trust 2022-C15, Commercial Mortgage Pass-Through Certificates Series 2022-C15, acting by and through its special servicer, Rialto Capital Advisors LLC (the "Plaintiff") in the above-captioned commercial foreclosure action (the "Action").

Plaintiff submits this letter-motion to seek authorization under Section 1301(3) of the New York Real Property Actions and Proceedings Law ("RPAPL") to initiate a foreclosure action in New York Supreme Court (the "State Court Action") prior to the dismissal of this Action.[1] For the reasons discussed below, this relief is necessary to facilitate the Court-appointed receiver's continued management of the mortgaged property without interruption while this Action is transitioned to the New York Supreme Court—which is critical for the protection of the property, its tenants, and all parties in interest.

[1] In accordance with the Court's October 13, 2026 Order (ECF No. 156), Plaintiff has contemporaneously filed a separate motion under Federal Rule of Civil Procedure 41(a)(2) for voluntary dismissal of this Action without prejudice (the "Motion to Dismiss"). The factual and legal basis for the voluntary dismissal of this Action are addressed in the Motion to Dismiss.

## I. The Property Is a Large Office Complex with Tenants and Requires Ongoing Supervision and Management by the Receiver

The property securing the $25 million commercial mortgage loan at issue in this Action (the "Loan") is commonly known as the Salina Meadows Office Park (the "Property"). *See* ECF No. 14 (J. Gauer Decl.), ¶¶ 7-8, 11; ECF No. 15-2 (Broker Price Opinion), at 5. It consists of four separate office buildings with nearly 250,000 square feet of office space. *See* ECF No. 15-2 (Broker Price Opinion), at 5. Since November 2023, the Property has been under the management and control of a Court-appointed receiver, William C. Colucci (the "Receiver"). ECF No. 25 (Receivership Order).

According to the Receiver, when the Property was under the stewardship of Defendants Aevri Salina Meadows LLC (the "Borrower") and Moshe Rothman (the "Guarantor" or "Mr. Rothman," and together with the Borrower, "Defendants"), they "neglected the [Property] to a degree [the Receiver had] yet to experience in [his] 35+ years in the Commercial Real Estate industry." ECF No. 15-2 (Broker Price Opinion), at 5. In addition, the Property's prior manager, Michael Barney, attested that "[t]he Property is far less automated than many modern office parks and requires constant attention" and "[i]t would be irresponsible to the Property and its many tenants" to abruptly terminate its management. ECF No. 13 (M. Barney Decl.), ¶ 4.

Given the size and complexity of the Property and its ongoing tenancies, it cannot be left without any supervision or management for an indefinite period of time. Yet, that is what may happen if this Action is dismissed without first obtaining an order from the New York Supreme Court to continue the receivership, as Defendants have refused to stipulate to the Receiver remaining in place after dismissal.

## II. The Court Should Permit Plaintiff to Initiate the State Court Action and Obtain an Order Continuing the Receivership Prior to Dismissal of this Action

Section 1301(3) of the RPAPL provides in relevant part that:

> ***While the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt***, including an action to foreclose the mortgage, ***without leave of the court in which the former action was brought.*** The procurement of such leave shall be a condition precedent to the commencement of such other action and the failure to procure such leave shall be a defense to such other action.

RPAPL § 1301(3) (emphasis added). "The purpose of the statute is to avoid multiple lawsuits to recover the same mortgage debt." *Wells Fargo Bank, N.A. v. Irizarry*, 142 A.D.3d 610, 611 (N.Y. App. Div. 2d Dept. 2016).

New York's appellate courts have recognized that RPAPL 1301(3)'s restriction on filing actions "should be strictly construed," and "where a defendant is not prejudiced by the plaintiff's failure to comply with RPAPL 1301 (3) since he or she is not in the position of having to defend against more than one lawsuit to recover the same mortgage debt, a plaintiff's failure to comply with RPAPL 1301 (3) should be disregarded as a mere irregularity." *Citimortgage, Inc. v. Hassanin*, 242 A.D.3d 1169, 1171 (N.Y. App. Div. 2d Dept. 2025) (citation modified) (finding defendant's proposed RPAPL 1301(3) defense "patently devoid of merit" where plaintiff's "prior foreclosure action had been effectively abandoned" and was later voluntarily discontinued); *Irizarry*, 142 A.D.3d at 611 (denying defendant's motion to dismiss second foreclosure action where plaintiff's motion to voluntarily discontinue first foreclosure action was already pending before second action was filed).

As New York's appellate courts have repeatedly held that even a plaintiff's *violation* of RPAPL § 1301(3)'s pre-authorization requirement should be "disregarded" where the first foreclosure proceeding is subject to a pending motion for voluntary dismissal, it is clear that this Court is empowered to affirmatively grant Plaintiff's request for permission to file the State Court Action under these circumstances, and that is the preferred course of action. *C.f.*, *Irizarry*, 142 A.D.3d at 611; *see also U.S. Bank Natl. Assn. v. Perlmutter (In re South Side House, LLC)*, 470 B.R. 659, 674 (Bankr. E.D.N.Y. 2012) (acknowledging that district court granted plaintiff relief under RPAPL § 1301(3) to file separate action and noting that "Courts permit a separate action [under RPAPL § 1301(3)] upon a showing of special circumstances. . . . Whether special circumstances exist is regulated by consideration of equitable principles on a case by case basis" (internal quotation marks and citations omitted)).

For the reasons explained above, obtaining an order from the New York Supreme Court to continue the receivership prior to dismissal of this Action is necessary to facilitate an orderly transition of this Action to the New York Supreme Court without harming the Property and its tenants, and would benefit all parties in interest, including the Defendants. Accordingly, Plaintiff respectfully requests that, before dismissing this Action, the Court first authorize Plaintiff under RPAPL § 1301(3) to initiate the State Court Action and obtain an order keeping the Receiver in place.

[*Remainder of page intentionally left blank; signature page follows*]

Respectfully submitted,

*/s/ Adam G. Possidente*

Adam G. Possidente

100149417
cc: All counsel of record (via ECF)